### NEUOWICH v. COHN.

(Supreme Court, Appellate Division, First Department. April 14, 1916.)

1. MALICIOUS PROSECUTION ⬅⟶56—WANT OF PROBABLE CAUSE—BURDEN OF PROOF.

In an action for false imprisonment and malicious prosecution, where the information which was laid before the magistrate and the warrant of arrest against the plaintiff were put in evidence, also the fact that plaintiff, after examination of the evidence, was held for trial at the Court of Special Sessions, there was prima facie evidence of probable cause for the prosecution, placing the burden on plaintiff to show want of probable cause and malice.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 112–116; Dec. Dig. ⬅⟶56.]

⬅⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. MALICIOUS PROSECUTION ⚖═▷71(2, 3)—WANT OF PROBABLE CAUSE—MALICE—
QUESTION FOR JURY.

In suit for false imprisonment and malicious prosecution, question of want of probable cause and malice *held* for the jury on the count for malicious prosecution.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 161–164; Dec. Dig. ⚖═▷71(2, 3).]

Appeal from Trial Term, New York County.

Action by Alexander J. Neuowich against Leopold Cohn. From a judgment dismissing the complaint at close of plaintiff's case, he appeals. Judgment reversed, and new trial granted.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, and DAVIS, JJ.

Alexander S. Bacon, of New York City, for appellant.
Thomas P. de Graffenried, of New York City, for respondent

DAVIS, J. This action was brought on a complaint alleging false imprisonment and malicious prosecution. At the close of plaintiff's testimony the complaint was dismissed. Plaintiff claims that this was error: (1) Because the warrant upon which he was arrested was illegally issued, the information upon which the magistrate acted failing to charge a crime of conspiracy for which the plaintiff was arrested; and (2) because the evidence introduced by the plaintiff raised an issue of fact for the jury to determine, whether or not the defendant acted with malice and want of probable cause.

The proceeding out of which the present action arose originated in the City Magistrate's Court. The defendant here caused a warrant to be issued for the arrest of plaintiff upon an information supposed to charge the crime of conspiracy against the defendant and others. After the arrest of the defendant upon the warrant it seems that there was an examination of the charge, as the result of which this plaintiff was held to answer at the Court of Special Sessions. After several days' imprisonment he was released on bail. In the Court of Special Sessions the charge against the plaintiff was dismissed, and the proceedings were thus terminated in favor of plaintiff. On the trial of this present action, the information which was laid before the magistrate and the warrant of arrest were put in evidence, as was also the fact that the accused after the examination of the evidence was held for trial at the Special Sessions.

[1] Down to this point, therefore, there was prima facie evidence of probable cause for the prosecution. See Schultz v. Greenwood Cemetery, 190 N. Y. 276, 278, 83 N. E. 41. Therefore it was incumbent on the plaintiff to meet this prima facie case by proof of want of probable cause for the prosecution and that it was inspired by malice.

[2] For this purpose several witnesses were examined on behalf of the plaintiff, whose testimony, if believed by the jury, proved conclusively that the defendant here willfully testified falsely as to material matters in his information laid before the magistrate, particularly when he swore that plaintiff asked defendant for $200 in order "to

stifle" certain contemplated attacks upon defendant, and that plaintiff said that he had better pay before it was too late. The record shows that there was a clear issue of fact on the question of want of probable cause and malice, which ought to have been submitted to the jury on the count for malicious prosecution.

For this reason we think the judgment should be reversed, and a new trial granted, with costs to appellant to abide event. All concur.

