Brooks *v.* Super Service, Inc., *et al.*

(Division A.   Oct. 3, 1938.)

[183 So. 484.   No. 33317.]

(Division A.   Dec. 12, 1938.)

[185 So. 202.   No. 33317.]

Lotterhos & Travis and Vardaman S. Dunn, all of Jackson, for appellant.

**W. M. Snyder**, of Jackson, for appellees.

W. M. Snyder, and W. H. Watkins, Jr., both of Jackson, for appellee, on suggestion of error.

**Lotterhos & Travis** and **Vardaman S. Dunn**, all of Jackson, for appellant, on suggestion of error.

**Smith, C. J.,** delivered the opinion of the court.

This is an action for malicious prosecution and is an

appeal from a judgment sustaining a demurrer to the declaration and dismissing the plaintiff's cause of action. The only question presented is whether the prosecution complained of had terminated in the plaintiff's favor. The prosecution was begun before a justice of the peace on an affidavit made by the defendant's agent, and from a conviction in that court an appeal was taken to the county court. The allegation of the declaration as to the termination of the prosecution is as follows: "and in said (county) court, after a full and complete investigation, the County Attorney for said County, the officer charged by law with the duty and responsibility of prosecuting for and on behalf of the State of Mississippi, and without the consent of the plaintiff and over the plaintiff's objection, refused to try said case, but made a motion for a cessat processus, and the said court duly entered said order of cessat processus, a true and correct copy of said order being hereto attached and marked 'Exhibit E,' and the plaintiff was released from custody, and charges against him dismissed, and the plaintiff now charges that said criminal prosecution is now at an end and has terminated in the plaintiff's favor, and the defendants, and each of them, have now abandoned any further prosecution of the plaintiff in said proceedings without the plaintiff's consent or procurement." Exhibit E to the declaration, after styling the case, is in the following language: "It is ordered and adjudged that a cessat processus be, and the same is hereby entered in this case."

While there is some conflict in the authorities relative thereto, it is now generally held that among the several methods by which a criminal proceeding may be terminated in favor of the accused are: (1) "the formal abandonment of the proceeding by the public prosecutor," and (2) "a final order of a trial or appellate court." Rest. Torts (Final Draft No. 3), Sec. 1206; 38 C. J. 18, R. C. L. 23; note to Graves v. Scott, 2 L. R. A. (N. S.), 927. All that is necessary is that the particular

proceeding complained of shall have been abandoned and the accused discharged, e. g., where "the proceedings were dismissed at the direction of the county prosecuting attorney." Odum v. Tally, 160 Miss. 797, 134 So. 163, 164. That the accused may continue to be liable to further prosecution on the same charge is of no consequence unless such further prosecution is actually begun. Rest. op. cit., Sec. 1206, comment a.

The order disposing of this prosecution was not entered in full as it should have been, but simply recites that "a cessat processus be, and the same is hereby entered in this case." What the draftsman of the order probably had in mind was a cesset processus, (let execution or proceeding stay) which was the designation of "the formal order for a stay of process or proceedings, when the proceedings in court were conducted in Latin." 1 Bouv. Law. Dict., Rawles Third Revision, 448; Smith v. Bowen, 11 Mod. 231, 88 English Reprint 1008, in which case the form of such an order appears, beginning with the words "cesset processus." The English translation of the Latin words "cessat processus" is "the process (or proceeding) ceases." When applied to the order here under consideration, it will read "it is ordered and adjudged that a proceeding ceases, be and the same is hereby entered in this case." When so read, its meaning can only be that the proceeding (the prosecution of the appellant) has terminated. This is made clear by the allegation of the declaration that the appellant was released from custody and, in effect, discharged. The order, therefore, for all practical purposes, is the equivalent of a formal nolle prosequi, the form for which is set forth in 2 Morris's State Cases 1849.

Reversed and remanded.

ON SUGGESTION OF ERROR.

**Smith, C. J.**, delivered the opinion of the court on suggestion of error.

⋅ As will appear from our former judgment reversing the judgment appealed from reported in 183 So. 484: "This is an action for malicious prosecution and is an appeal from a judgment sustaining a demurrer to the declaration and dismissing the plaintiff's cause of action." We there said that, "The only question presented is whether the prosecution complained of had terminated in the plaintiff's favor," and held that it had so terminated.

The appellee now calls our attention to another question presented by the demurrer which is whether or not the declaration discloses that the appellee had probable cause for instituting the prosecution. If the declaration does disclose probable cause for instituting the prosecution, this action, of course, will not lie. The existence of probable cause, the appellee says, is disclosed in the declaration by its allegation that the appellant was convicted in the court of the justice of the peace, in which court the prosecution was begun.

The declaration does so allege, as will appear from our former opinion, and the judgment of conviction has not been set aside or reversed. What occurred was that the appellant appealed from this conviction to the circuit court, and the prosecution against him was there dismissed. A judgment of conviction whether reversed or not has the same evidential value on the question of probable cause for instituting the prosecution. There are three lines of cases dealing with the effect of a judgment of conviction on the question of probable cause for instituting the prosecution.

(1) It is conclusive evidence thereof. (2) It is conclusive evidence thereof unless it was obtained by fraud, perjury, or other corrupt means. This is the rule of the majority of the cases and is that adopted in 3 Rest. Tort, Section 667. (3) It is only prima facie evidence thereof and may be rebutted by any competent evidence which clearly overcomes the presumption that arises from the fact of the defendant's conviction. The first of this line

of cases we unhesitatingly decline to follow, but it will not be necessary for us to here determine with which of the other two lines of cases we will align ourselves for the case presented by the declaration will come within both. If it be said, as to which we express no opinion, that if this court aligns itself with the second of these two lines of decision, a declaration setting forth a conviction in the prosecution complained of must allege that the conviction was procured by fraud, perjury, or other corrupt means, the declaration here so alleges sufficiently to withstand a demurrer.

The defendants to the declaration are the Super Service, Inc., and Neilson, alleged to be its agent and the one by whom the affidavit on which the prosecution was begun was made. It alleges that the prosecution was instituted for the purpose of collecting a debt claimed to be due the Super Service, Inc., by the appellant, and that the affidavit on which it was begun charged the appellant "with having theretofore on or about the —— day of February, 1937, procured from the said defendant a rental battery which he was bound, or agreed, to return within a period of fourteen days, said criminal prosecution charging this plaintiff with the crime defined under sections 1142 and 1143 of the Code of 1930." The declaration further alleges: "that the said prosecution by said defendant was without foundation in fact or law; that the said defendants well knew at the time of the institution of said criminal prosecution that the plaintiff had never at any time in his whole life contracted or assumed any obligation, either expressed or implied, unto the defendants for the return of any rental battery; that he had never received any rental battery from the said defendants, or either of them, nor had he ever requested any such battery, nor authorized any person on his behalf to receive any such battery from the said defendants." If this last allegation is true, then perjury was committed in the making of the affidavit by which the prosecution complained of was begun, and

the judgment of conviction was obtained by evidence which the appellants knew was false.

The suggestion of error will be overruled.