88 So.2d 910 (1956)
HANNAH GOLDSTEIN, APPELLANT,
v.
LILLIAN SABELLA, APPELLEE.
Supreme Court of Florida, Division B.
July 20, 1956.
Joseph H. Ganz, Miami, for appellant.
Dunn & Hickey, Miami, for appellee.
O'CONNELL, Justice.
In a prior action in the Civil Court of Record, Dade County, Lillian Sabella brought a suit to evict Hannah Goldstein from an apartment, which action resulted in a judgment for Sabella as plaintiff therein and against Goldstein, the defendant therein. On appeal to the Circuit Court, Dade County, the judgment was reversed. This Court denied certiorari. Sabella v. Goldstein, Fla., 79 So.2d 295.
Thereafter Goldstein, the appellant here, sued Sabella in the Circuit Court of Dade County for malicious prosecution for bringing said eviction suit. In her complaint Goldstein alleged:
(1) The filing of the eviction suit by Sabella;
(2) That judgment was rendered for Sabella therein;
(3) That said judgment was subsequently reversed on appeal; and
(4) That said eviction suit was brought maliciously and without probable cause.
There was no allegation that the judgment for Sabella and against Goldstein in said eviction suit was obtained by fraud, perjury, or other corrupt means.
The record before us does not reflect all of the pleadings but it does appear that the plaintiff Goldstein amended her complaint at least once and that thereafter, on motion to dismiss filed by the defendant Sabella, the court entered an order dismissing plaintiff's amended complaint with prejudice. The court stated in its order *911 that plaintiff had indicated she did not wish to plead further. This appeal is taken from said order of dismissal of said suit for malicious prosecution.
In his order of dismissal the trial judge stated:
"* * * I am of the following opinion: That the entry of a final judgment by the Court of Competent jurisdiction in favor of the defendant herein, (Plaintiff in that action), as alleged in paragraph 4 of Plaintiff's Amended Complaint, indicates that, as a matter of law, there was probable cause for the institution and prosecution of that eviction action; * * *."
The question to be determined by us on this appeal is the effect of a judgment of conviction, subsequently reversed, as evidence of the existence of probable cause for instituting an action or prosecution.
There appear to be three well developed views on the question:
"* * * There are three lines of cases dealing with the effect of a judgment of conviction on the question of probable cause for instituting the prosecution.
"(1) It is conclusive evidence thereof.
"(2) It is conclusive evidence thereof unless it was obtained by fraud, perjury, or other corrupt means. This is the rule of the majority of the cases and is that adopted in 3 Rest.Tort, Section 667.
"(3) It is only prima facie evidence thereof and may be rebutted by any competent evidence which clearly overcomes the presumption that arises from the fact of the defendant's conviction. * * *" Brooks v. Super Service, Inc., 183 Miss. 833, 183 So. 484, 185 So. 202.
This Court has not heretofore been asked to rule on the precise question presented in this appeal and we have not therefore specifically aligned this Court to either view, however, in Lewton v. Hower, 35 Fla. 58, 16 So. 616, we held that the committal and binding over of the defendant in a criminal case was a determination that probable cause existed for instituting the prosecution, although on trial the defendant was found not guilty. This holding would support the first of the three views above-mentioned, although there was not a trial and judgment of conviction.
In Ward v. Allen, 152 Fla. 82, 11 So.2d 193, we held that proof of the issuance of a warrant and the filing of an indictment in a criminal proceeding did not conclusively establish the presence of probable cause, but did tend to refute the absence thereof. Because of the difference in the circumstances, i.e., neither a trial nor preliminary hearing, this case cannot be considered as support for either of the three views.
Probable cause is defined as "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Dunnavant v. State, Fla., 46 So.2d 871, 874. This, as well as other acceptable definitions of the term, indicates that one need not be certain of the outcome of a criminal or civil proceeding to have probable cause for instituting such an action.
In our opinion a trial in a court of competent jurisdiction, which results in a judgment of conviction, or verdict for plaintiff, is a sufficient legal determination of the existence of probable cause and there would appear to be no valid reason to have that question determined again in another action. Nor does the fact that the judgment be subsequently reversed affect such determination. The reasoning and conclusion of this Court in Lewton v. Hower, supra, supports this view, as does Laughlin v. St. Louis Union Trust Co., 330 Mo. 523, 50 S.W.2d 92. The case of Brooks v. Super Service, Inc., supra, supports our *912 holding that a subsequent reversal of a judgment of conviction does not destroy the effect of a judgment of conviction.
If however it be shown that the judgment was obtained by fraud, perjury, or other corrupt means, the determination loses its aura of legality and validity and logically should no longer be considered as evidence of the existence of probable cause.
Our research has convinced us that the views and line of decisions which constitute the weight of authority hold that a judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means. This view is in accord with our thinking and, we believe, with logic. We do therefore adopt this view as the holding of this Court on this question. We further hold that a subsequent reversal of the judgment of conviction does not destroy the validity and effect of the determination of the question of probable cause, unless it be reversed for fraud, perjury, or other corrupt means.
Having determined the question of law, as we have above stated it, it is necessary now to determine whether or not the learned trial judge committed error in entering the order of dismissal appealed from.
While it is true that the trial judge followed what is considered to be a minority rule, that a judgment of conviction is conclusive evidence of probable cause, yet under the allegations of the complaint, as amended, which he dismissed, he would nevertheless have been required to dismiss the same under the rule of law which we have adopted hereinabove, since the plaintiff Goldstein alleged that there had been a judgment of conviction against her which had been subsequently reversed, but she did not allege that such judgment had been obtained by fraud, perjury, or other corrupt means. The effect of the allegation that the defendant had obtained a judgment of conviction against the plaintiff, in an action complained of, and the absence of an allegation of fraud, perjury, or other corrupt means in the procuring of said judgment, is conclusive, on the face of the pleadings, that probable cause did exist for instituting the action. We have held in Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623, that the lack of probable cause is one of the six elements which must be alleged and proved in a suit for malicious prosecution. When conclusive evidence of probable cause appears in the complaint, as here, the complaint is insufficient in law and on motion timely made is properly dismissed.
We, therefore, conclude that the Circuit Judge did not err and that the order appealed from should be and is therefore 
Affirmed.
TERRELL, Acting Chief Justice, and THOMAS and ROBERTS, JJ., concur.