PEARSON, Judge.
The appellant as plaintiff in the trial court filed a complaint which alleged that one of appellee’s employees falsely, wantonly, maliciously and without reasonable or probable cause appeared before a justice of the peace and charged the plaintiff with grand larceny. It was more specifically set forth that Doris Najjar, an employee of the defendant appeared before the justice of the peace and gave perjured testimony concerning the grand larceny charge. It was also alleged that the plaintiff was bound over for trial in the Criminal Court of Record, and that a jury found the plaintiff not guilty. The trial judge dismissed the complaint for failure to state a cause of action. The plaintiff appeals, and we affirm.
*894 In the instant case the plaintiff has alleged as a conclusion of law that perjury was involved in the procurement of the order binding the plaintiff over for trial.
The language of paragraph No. 4 in the complaint reads as follows:
“On or about the 31st day of October, 1957, and the 18th day of December, 1957, Doris Najjar, acting within the course and scope of her employment with the Defendant, appeared at hearings held before the aforementioned Hugh F. Duval, Jr., and testified falsely under oath to matters concerning the grand larceny charge aforementioned.”
• The rule that the committal of a defendant is a determination that probable cause existed so as to put the wheels of criminal procedure in motion was set forth in Lewton v. Hower, 35 Fla. 58, 16 So. 616.
The case of Goldstein v. Sabella, Fla.1956, 88 So.2d 910, 912, 58 A.L.R.2d 1418, was an appeal from an order dismissing a complaint for malicious prosecution, which complaint alleged the filing of an eviction suit by Sabella against Goldstein and that the eviction suit was brought maliciously
“ * * * The plaintiff Goldstein alleged that there had been a judgment of conviction against her which had been subsequently reversed, but she did not allege that such judgment had been obtained by fraud, perjury, or other corrupt means. The effect of the allegation that the defendant had obtained a judgment of conviction against the plaintiff, in an action complained of, and the absence of the allegation of fraud, perjury or other corrupt means in the procuring of said judgment, is conclusive, on the face of the pleadings, that probable cause did exist for instituting the action.” [Emphasis supplied.]
In Gallucci v. Milavic, Fla.1958, 100 So.2d 375, 377, 68 A.L.R.2d 1164, the Supreme Court reviewed the two cases just mentioned, reaffirmed the rule and restated the exception as follows:
“This ruling was not an absolute rule but it raised a presumption of the existence of probable cause which could have been overcome by proof that the appellee had resorted to fraud or other improper means in securing the committal, and as a basis for the evidence it would have been necessary to allege that such was the case.” [Emphasis supplied.]
The general allegation that a witness testified falsely in a judicial proceeding is not a sufficient allegation of fraud, perjury or other corrupt means to form a basis for a retrial of the issues involved in a previously tried judicial proceeding.[1] Therefore the bare allegation that a witness testified falsely under oath at the preliminary hearing is not a sufficient allegation of fact to bring the complaint within the exception to the rule as said exception is set forth in the Goldstein and Gallucci cases above cited. By way of justification of this reasonable rule it is apparent that a holding to any other effect would permit a rehash of a case merely upon the allegation that *895 one of the parties believed a witness had sworn falsely. The preliminary hearing before the justice of the peace was for the specific purpose of determining whether there was sufficient evidence to indicate a probable cause to hold the defendant. This fact having been judicially determined its effect cannot be nullified upon the sole allegation that a witness swore falsely.
Affirmed.
HORTON, C. J., and CARROLL, CHAS., J., concur.

. Although there is authority to the contrary, the numerical weight of authority, at least, is to the effect that where the . complaint in an action for malicious prosecution shows on its face that a committing magistrate found probable cause to 'bind plaintiff over to a higher court, the plaintiff must, in his pleading go further than a more allegation of want of probable cause, and must plead facts showing fraud, perjury, or other improper means to overcome the presumption of probable cause arising from the fact that he was bound over by the magistrate. See comment and cases collected at 14 A.L.R.2d 312 et seq.