183 So.2d 731 (1966)
COMMUNITY NATIONAL BANK OF BAL HARBOUR, Appellant,
v.
Harry M. BURT, Appellee.
No. 65-500.
District Court of Appeal of Florida. Third District.
March 8, 1966.
*732 Copeland, Therrel, Baisden & Peterson and Meek Robinette, Miami Beach, for appellant.
Jepeway & Gassen, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
TILLMAN PEARSON, Judge.
The appellee, Harry M. Burt, brought an action for malicious prosecution against the appellant, Community National Bank of Bal Harbour. The Bank had joined Burt as a defendant in a prior suit on a promissory note in which the Bank had claimed that Burt was a guarantor. The prior suit was ultimately decided in favor of Burt. In the present suit Burt alleged that the prosecution of the suit on the claimed guaranty was willful, malicious and without reasonable or probable cause. At the conclusion of a jury trial, the appellee, Burt, received a verdict and judgment. This appeal by the Bank is from the final judgment.
The second point presented urges that the trial court erred in failing to direct a verdict for the defendant, appellant. We hold that reversible error is demonstrated on the record and reverse the judgment. The facts upon which our decision rests appear without substantial controversy in the record. It is our view that the trial judge misapprehended the legal effect of the evidence.
In the first action, the Bank sued Trio Construction, Inc., a Florida corporation, on a promissory note for $25,000, dated January 27, 1960. The note evidenced a loan by the Bank to the corporation. The appellee, Harry M. Burt, was made a party defendant to the action because of a written guaranty he had made on May 5, 1958.[1] He had guarantied payment of the notes of the corporation to the Bank, aggregating a sum not to exceed $50,000 and renewals thereof.
Burt, in his defense of the action, claimed that the aggregate of $50,000 had been loaned and repaid before the loan in question, and that this discharged his liability upon the guaranty. He also claimed the guaranty had been discharged because the Bank had notified him before making the loan in question, that it would make the loan only if he (1) would secure such loans by assigning satisfactory notes receivable to the Bank and authorize it to make necessary collections, or (2) submit a certified financial statement prepared by a reputable certified public accountant listing Mr. Burt's assets and liabilities in detail.[2] Burt pointed out that he did not meet either of these conditions.
Both the Bank and defendant, Burt, moved for summary judgment in the suit on the guaranty. In the trial court, the Bank's motion was granted in reliance upon the affidavits of MacCallum, who was Executive Vice President of the Bank, and of Baisden, who was a director and the attorney for the Bank. Burt appealed the summary final judgment to this Court. Upon *733 that appeal, we reversed the summary final judgment for the Bank and directed the trial court to enter a summary judgment for the defendant Burt. We held that the action of the Bank, in its letter of April 22, 1959, operated to terminate the guaranty. See Burt v. Community National Bank of Bal Harbour, Fla.App. 1962, 142 So.2d 118.
As previously stated, upon the termination of the action against him on the alleged guaranty, Burt instituted the instant action against the Bank alleging a malicious prosecution of the action on the alleged guaranty. The elements required to sustain an action for malicious prosecution were enumerated in Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623, 626 (1926). They are:
"(1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action."
And in Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878, 880 (1931), the Court held:
"All these elements must be established by a preponderance of the evidence, and the burden of proving them, including the concurrence of malice and want of probable cause, is on the plaintiff. Malice may be implied or inferred from want of probable cause, but want of probable cause cannot be inferred from malice."
In considering the proof necessary to establish the elements set forth, it is important to emphasize the last sentence of the above quotation, because we hold that lack of probable cause was not proved in the present case. Lack of probable cause for a prosecution may not be inferred from the existence of malice. See Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1942).
The failure of the appellee, as plaintiff in the trial court, to prove the essential element of lack of probable cause is indicated by the fact that the appellant, Bank, originally was granted a summary final judgment in the initial action. The subsequent reversal of that judgment and the direction to the trial court to enter judgment for the appellee were accomplished in this Court upon a holding that the legal effect of a letter had been erroneously determined by the Bank and the trial judge.
The Supreme Court of Florida had occasion to pass upon a similar situation in Goldstein v. Sabella, Fla. 1956, 88 So.2d 910, 58 A.L.R.2d 1418. In the Goldstein case, the plaintiff, in malicious prosecution suit, had suffered an adverse judgment in the original action in the trial court. The judgment in the original action was reversed upon appeal. Thereupon, the malicious prosecution action was instituted, and the trial judge dismissed it with prejudice. The Supreme Court affirmed upon a holding that conclusive evidence of probable cause appeared from the first judgment which was later reversed. In so holding a reservation was made:
"We further hold that a subsequent reversal of the judgment of conviction does not destroy the validity and effect of the determination of the question of probable cause, unless it be reversed for fraud, perjury, or other corrupt means." [Emphasis supplied.] (88 So.2d at p. 912.)
Accord: Calbeck v. Town of South Pasadena, Florida, Fla.App. 1961, 128 So.2d 138.
An examination of our opinion in Burt v. Community National Bank of Bal Harbour, supra, makes clear that our reversal was not *734 "for fraud, perjury, or other corrupt means."
The appellee, Burt, contends that the Supreme Court really meant "unless the necessity for the reversal may have been occasioned by fraud, perjury or other corrupt means." It is argued that the affidavit of MacCallum (Executive Vice President of the Bank) in support of the motion for summary judgment, made it appear that a letter from Burt to the Bank, a copy of which was attached to the affidavit, was a request for the extension of further credit to Trio Construction, Inc., and that the loan was made pursuant to the request when, in fact, the Bank had rejected Mr. Burt's letter as a basis for extending further credit to the corporation. It is also argued that Mr. MacCallum did not in his affidavit, or in any other manner, reveal that he had never discussed with the Bank's attorney the fact that Mr. Burt had never complied with either of the alternate conditions precedent set forth in the Bank's letter of April 22 (which was the basis of the subsequent reversal). From these two circumstances it is argued that a jury could find that the summary judgment in the former suit had been procured by "corrupt means". We think that this argument is insufficient. In the prior action we had no evidence before us that had not been before the trial judge when he entered the summary judgment. The trial judge merely erred in applying the law to the facts that were before him. The failure to reveal a circumstance in the affidavit was not the same as concealing a fact because the circumstance was apparent upon the record. There is nothing in this record to suggest that the Bank plotted or planned to conceal any fact relevant to the issue in the cause. Even if we were able to accept appellee's interpretation of the holding of the Supreme Court of Florida in Goldstein v. Sabella, supra, we would hold that the conduct suggested falls far short of "corrupt means".
Having determined that the appellee, as plaintiff, failed to prove an essential element of his cause (lack of probable cause) and it appearing that the defendant properly moved for, but was denied, a directed verdict at the conclusion of the plaintiff's case and at the conclusion of all the testimony, we hold that reversible error was committed in the denial of said motions. The judgment appealed is reversed, and the cause remanded with directions to enter a judgment for the defendant, Community National Bank of Bal Harbour.
Reversed.
NOTES
[1] See Burt v. Community Nat. Bank of Bal Harbour, Fla.App. 1962, 142 So.2d 118, 119, footnote 2.
[2] Id., footnote 3.