WALDEN, Judge.
Plaintiff filed suit against Southern Bell Telephone and Telegraph Co. Inc. and its employee, James T. Duncan, in a seven count action charging malicious prosecution. These defendants had caused plaintiff to be criminally charged with obtaining telephone service by the use of a fictitious credit card. Plaintiff had been exonerated and the instant suit followed.
The trial court entered final summary judgment in favor of the defendants. Plaintiff appeals. We affirm as to Counts 2 through 7 and reverse as to Count 1.
With reference to Counts 2 through 7, the criminal charges stemmed from an information filed by the County Solicitor based upon testimony presented to him under Section 817.48(2), F.S.1967, F. S.A. Such testimony is privileged, Widener v. Croft, Fla.App.1966, 184 So.2d 444. In this appeal plaintiff says that his case is emasculated unless this privileged testimony is made available and he challenges us to recede from the Widener case. Upon our review we are still persuaded that the policy considerations contained in Widener should still prevail. Hence, the decision as to these counts is affirmed upon authority of the Widener case, supra.
The remaining Count 1 is differently framed. Among other things, it charges with specificity that Duncan committed perjury and knowingly made false statements during the course of a preliminary hearing before the Justice of the Peace. These statements concerned identification and the existence and production of witnesses which would tie plaintiff to the crime. As a consequence probable cause was found and plaintiff was wrong *134 fully bound over for trial and there exonerated. That Duncan made the statements as charged was supported by the affidavit of plaintiff’s counsel who was present and participated in the preliminary hearing.
In Warriner v. Burdines, Inc., Fla.1957, 93 So.2d 108, the ingredients of a charge of malicious prosecution are stated. One of them is a want of probable cause. Then, in Goldstein v. Sabella, Fla.1956, 88 So.2d 910, 58 A.L.R.2d 1418, we learn that in malicious prosecution suits probable cause means a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.
In the instant case the presence of probable cause was adjudicated when the Justice of the Peace bound the plaintiff over for trial. However, as stated in Gallucci v. Milavic, Fla. 1958, 100 So.2d 375, 68 A. L.R.2d 1164, “This ruling was not an absolute rule but it raised a presumption of the existence of probable cause which could have been overcome by proof that the appellee (in our case, Duncan) had resorted to fraud or other improper means in securing the committal * * See also, Thompson v. Taylor, Fla.App.1966, 183 So.2d 16. We note that the charge of perjury was not general, as condemned in Kern v. Modernage, Fla.App.1961, 125 So. 2d 893, but was specific in both pleading and proof.
In consideration of the testimony taken at the preliminary hearing we are made mindful of the special difficulties, because of the very nature of the crime, in showing that a particular person actually made the long distance call in question using a fictitious credit card.
We think from our assessment of the record that there was a real question and issue as to the existence of probable cause. Further, we are satisfied that the presumption created by the adjudication of probable cause by the Justice of the Peace was clearly rebutted by the allegations of perjury on the part of Duncan at the preliminary hearing. Thus, the question was for the jury. Neuowich v. Cohn, 1916, 172 App.Div. 411, 158 N.Y.S. 344; 68 A.L.R.2d 1190.
The law encompassed in and about summary judgment procedure is abundant and well known. Suffice it to say that the summary judgment as to Count 1 was improvidently entered because genuine issues of material fact existed and defendants were not entitled on the state of the record to judgment as a matter of law.
The judgment as to Counts 2 through 7 in plaintiff’s complaint is affirmed. The judgment as to Count 1 of plaintiff’s complaint is reversed.
Affirmed, in part; reversed, in part.
CROSS, C. J., and OWEN, J., concur.