294 So.2d 111 (1974)
James Ronald DAVIS, Appellant,
v.
7-ELEVEN FOOD STORES, INC., and Goldie V. Daugherty, Appellees.
No. T-9.
District Court of Appeal of Florida, First District.
March 26, 1974.
*112 Alfred A. Green, Jr., Green & Strasser, Daytona Beach, for appellant.
Robert W. Elton, Sands, Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for appellees.
BOYER, Judge.
This is an appeal from a summary judgment in favor of defendants in an action for malicious prosecution. A store owned by defendant 7-Eleven Food Stores, Inc. was robbed while defendant Daugherty was the clerk in charge. The thief threatened Mrs. Daugherty with a pistol and thereafter made off with a sum of money from the store's cash register. Mrs. Daugherty did not then know the robber. Thereafter, the plaintiff James Ronald Davis visited the store in the company of an individual known to Daugherty, whereupon she notified her supervisor and a deputy sheriff. A photograph of the individual who had accompanied Mrs. Daugherty's acquaintance to the store was obtained by the deputy and exhibited, together with two other photographs, to her. She identified the appellant (plaintiff below) as the robber and thereafter "swore out a warrant" before a justice of the peace. A preliminary hearing was held before the justice of the peace and the accused was bound over to the circuit court. Mrs. Daugherty received no notice of the trial date and did not appear, whereupon appellant (defendant in the criminal proceeding) was discharged. This suit followed. The trial judge granted a motion for summary judgment in favor of both defendants, from which this appeal emanated.
Although the appellant has raised numerous points, the primary thrust of his argument is that the record before the trial judge demonstrated a genuine issue as to the presence of probable cause for the commencement of the criminal proceeding by Daugherty, while an employee of 7-Eleven Food Stores, Inc.
Appellant has cited many cases in his briefs which hold that a summary judgment may not be used as a substitute for trial nor to resolve conflicting issues of fact and that in considering a motion for summary judgment all doubts regarding the existence of issues are resolved against the movant and all favorable issues reasonably justified from the record are liberally construed in favor of he who is opposing the motion for summary judgment, and further that the burden of demonstrating the lack of an issue of material fact is upon the movant. With these cases and principles of law we agree.
However, we cannot agree that there was any genuine issue as to the presence of probable cause for the commencement of the criminal proceeding. On the contrary, the record before the trial judge, and before us, clearly reflects the existence of probable cause. That probable cause was not negated by the ultimate discharge of the defendant. (Gallucci v. Milavic, Sup.Ct.Fla. 1958, 100 So.2d 375; Thompson v. Taylor, Fla.App. (1st) 1966, 183 So.2d 16.) As this court said in Thompson v. Taylor, supra, citing Goldstein v. Sabella, Sup.Ct.Fla. 1956, 88 So.2d 910, 58 A.L.R.2d 1418:
"`Probable cause is defined as "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Dunnavant v. State, Fla., 46 So.2d 871, 874. This, as well as other acceptable definitions of the term, indicates that one need not be certain of the outcome of a criminal or civil proceeding to have probable cause for instituting such an action.'" (183 So.2d at page 19)
The trial judge obviously relied on the Thompson case in the entering of the summary judgment and in so doing we do not find that he erred.
*113 There is no evidence in the record that Daugherty acted out of spite, grudge, fraud, malice, ill will, perjury, nor for any improper purpose, nor by improper means, nor in any manner contrary to that which would reasonably be expected from any ordinary and reasonable person under the circumstances. Indeed, the record reveals that Daugherty did not even know appellant until after he went into the store in the company of an individual known to Daugherty. Therefore the exception noted in the Thompson case and the case of Sultan Turkish Bath, Inc. v. Board of Police Com'rs., 169 Cal. App.2d 188, 337 P.2d 203, cited by appellant, are inapplicable.
Should all of the other points raised and argued in the briefs be resolved favorably to the appellant, the summary judgment appealed from would nevertheless have been proper for the reasons hereinabove recited.
Affirmed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.