319 So.2d 602 (1975)
Dorothy M. CARTER et al., Appellants,
v.
CITY OF ST. PETERSBURG et al., Appellees.
No. 74-1145.
District Court of Appeal of Florida, Second District.
September 17, 1975.
*603 W. Eric Venable and Thomas A. Capelle, Tampa, for appellants.
Michael S. Davis, Asst. City Atty., St. Petersburg, for appellees.
BOARDMAN, Judge.
Appellants/plaintiffs appeal from a summary judgment in favor of appellees/defendants. Appellants filed suit against appellees, two police officers of the City of St. Petersburg, and the City of St. Petersburg, on the theory of respondeat superior, seeking damages for an alleged false arrest by appellees. Appellants were members of a union participating in a labor dispute at the time the incident here involved occurred.
A joint stipulation, entered into by the parties concerned and filed in the cause, stipulated, among other things, that: (1) all of appellants had been found guilty after trial of disorderly conduct by a municipal court judge of the City of St. Petersburg; (2) subsequently, all but three of appellants' convictions were reversed by the circuit court. Appellees filed a motion for summary judgment which was granted by the trial court.
The sole point on appeal is whether appellants' convictions in the municipal court, which were subsequently reversed by the circuit court, sitting in its appellate capacity, conclusively established the existence of probable cause to support their arrests and which prevents the successful prosecution by appellants of this action.
Appellees rely very heavily upon the case of Goldstein v. Sabella, Fla. 1956, 88 So.2d 910, for authority that a conviction conclusively establishes probable cause even if reversed on appeal. See, also, this court's holding in Calbeck v. Town of South Pasadena, Fla.App.2d, 1961, 128 So.2d 138. In Goldstein, supra, based on a similar issue to that presented before us, it was stated:
Our research has convinced us that the views and line of decisions which constitute the weight of authority hold that a judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means. This view is in accord with our thinking and, we believe, with logic. We do therefore adopt this view as the holding of this Court on this question. We further hold that a subsequent reversal of the judgment of conviction does not destroy the validity and effect of the determination of the question of probable cause, unless it be reversed for fraud, perjury, or other corrupt means.
See, also, Restatement of Torts, Effect of Conviction or Acquittal, § 667:
(1) The conviction of the accused by a magistrate or trial court although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means.
Appellants point out that the summary judgment entered in the instant case was based only on authority of cases, which include Goldstein, supra, dealing with malicious *604 prosecution rather than false arrest, and the instant case is based on an action of false arrest. Appellants candidly concede that if they were here only on the theory of malicious prosecution they would have no basis for this appeal, for, in such action, litigation would have had to have had a bona fide termination in the present plaintiffs' favor. Appellants point out that under false arrest such is not an essential element of the action. Appellees, on the other hand, argue in their brief, citing numerous cases to support the proposition, and in oral argument, that the rationale of the malicious prosecution cases is applicable and, therefore, should be applied to false arrest cases.
We have been unable to find any Florida decisions which apply the malicious prosecution holdings directly to false arrest situations. It is academic that the essential elements of the two actions are distinct. It appears reasonable to us that the rationale of Goldstein, supra, may be extended to cover circumstances which do constitute false arrest. In Boca Raton v. Coughlin, Fla.App. 4th, 1974, 299 So.2d 105, a case recently decided by our sister court, it was held that:
Where an officer arrests someone with probable cause he is not liable for false arrest simply because the innocence of the suspect is later proved....
Our research has indicated that there are federal authorities supporting this rationale. As was stated in the case of Palma v. Powers, N.D.Ill. 1969, 295 F. Supp. 924, page 941:
... Plaintiff Frank Mamolella was actually convicted of a criminal offense arising out of his arrest. This conviction, itself, conclusively established that there was probable cause for his arrest and prosecution. He is precluded by the conviction from relitigating this issue, the same as any other issue which was necessarily determined in the criminal proceeding. It is clear, therefore, that he cannot establish an essential element of his claims of false arrest, malicious prosecution, or conspiracy, and that these claims are unfounded.
After due consideration of the issue presented, we conclude that, notwithstanding that the essential elements of the said causes of action are not identical, the underlying principles of law set out in the above-quoted language from Goldstein, supra, would be applicable to the case sub judice. We think this the better view. We, therefore, hold that in the absence of fraud, prejudice, or any other corrupt means, a conviction is of sufficient determination of the element of probable cause, even if it may be subsequently reversed. We are unable to find in the record that appellants' convictions were obtained by any of the above deceptive devices. Accordingly, we
Affirm.
HOBSON, Acting C.J., and GRIMES, J., concur.