J.C. Penney Company Inc. and V.A. Taylor appeal from a $5,000 judgment entered against them by the Circuit Court of the First Judicial District of Hinds County in a suit for malicious prosecution brought by Gloria Hughes Blush. There is no cross appeal.
The incident which gave rise to the suit occurred at about 5:30 in the afternoon at the J.C. Penney Store in Jackson Mall. Mrs. Blush testified that she had gone there for the purpose of buying presents for a Christmas party. She entered through the east door and stopped by the cosmetics department where she picked up two sticks of eyeliner and a stick of lip gloss. She proceeded to the purse rack located twenty or thirty steps away where she knelt down, allegedly to get her billfold out of her purse to determine whether she had enough money to buy one of the purses. She testified that she put the eyeliner and lip gloss on top of her purse and got up to walk away when V.A. Taylor, Security Guard for J.C. Penney Company, asked her to accompany him. She went with Taylor to the store office where the cosmetic items were marked for identification and the police were called. Mrs. Blush was taken to the police station and fingerprinted. After remaining in jail for about two hours bond was posted and she was released.
She was charged with the crime of shoplifting and was tried and convicted of this charge in Jackson Municipal Court. From that conviction she appealed to county court where the case was tried de novo and a jury returned a verdict of not guilty.
Mrs. Blush filed her declaration in the circuit court against appellants charging them with malicious prosecution and demanding damages. The case was submitted to a jury which returned a verdict for Mrs. Blush in the amount of $5,000 as actual damages. Although the issue was submitted, the jury declined to return punitive damages.
Of the matters assigned as error, several appear to be well taken. Upon the *Page 592 
trial of the case, Mrs. Blush testified as a witness in her own behalf. Appellants attempted to develop from her the admission that she had been tried and convicted in municipal court on the charge of shoplifting. Upon objection, the court and counsel retired to chambers. Out of the presence of the jury counsel for Mrs. Blush stated to the trial court:
 Your Honor, I believe that this line of questioning is going into the fact that Mrs. Hughes was convicted in City Court of the crime of shoplifting and that she appealed de novo to the County Court, where the jury acquitted her.
The court responded:
 I'm inclined to agree with you, but not on that reason. I think the eventual outcome of the criminal matter is what determines the situation. (Emphasis added).
After further argument and submission of authorities, the court sustained the objection and said:
. . . [I]t's elemental that the County Court appeal supercedes the conviction in the City Court and completely sets it aside, and I think it would be highly improper to go into the conviction in City Court. Everyone admits that it was appealed and tried de novo in County Court, and acquitted. So the objection is sustained.
The court's action in refusing to allow appellants to develop from Mrs. Blush the fact that she had been convicted of the charge in municipal court was error and requires reversal.
In Brooks v. Super Service, Inc., 183 Miss. 833, 183 So. 484
(1938), suggestion of error overruled, 183 Miss. 843, 185 So. 202 (1938), this Court stated:
 A judgment of conviction whether reversed or not has the same evidential value on the question of probable cause for instituting the prosecution. There are three lines of cases dealing with the effect of a judgment of conviction on the question of probable cause for instituting the prosecution.
 (1) It is conclusive evidence thereof. (2) It is conclusive evidence thereof unless it was obtained by fraud, perjury, or other corrupt means. This is the rule of the majority of the cases and is that adopted in 3 Rest. Tort, Section 667. (3) It is only prima facie evidence thereof and may be rebutted by any competent evidence which clearly overcomes the presumption that arises from the fact of the defendant's conviction. The first of this line of cases we unhesitatingly decline to follow, but it will not be necessary for us to here determine with which of the other two lines of cases we will align ourselves for the case presented by the declaration will come within both.
 (183 Miss. at 844-845, 185 So. at 202).
Under the principle laid down in Brooks, supra, it is clear that evidence of the conviction of Mrs. Blush in city court, although she was later acquitted in county court, was not only admissible upon the fundamental issue in the case sub judice,
which was probable cause, but was prima facie evidence that probable cause existed. See also Hyde Construction Co., Inc. v.Koehring Co., 387 F. Supp. 702, 713 (S.D.Miss. 1974), 52 Am.Jur.2d Malicious Prosecution, § 179 (1970).
Appellants were entitled to develop the fact of the conviction before the jury by cross-examination of the plaintiff and it was not necessary, unless she denied the conviction, to introduce a certified copy of the court record. As far as the fact of the conviction was concerned, it is not in dispute and was expressly conceded by counsel for plaintiff.
Also assigned as reversible error is the action of the trial court in refusing to grant defendant's requested instruction D-7. This instruction was in the following language:
 The court instructs the jury that the fact that the criminal prosecution against plaintiff was eventually terminated in her favor is not enough to show that the defendants acted with malice or without *Page 593 
probable cause. The question of whether malice and a lack of probable cause existed is to be determined from a preponderance of the credible evidence in this case.
The refusal to grant this instruction was error. The issue was not whether the prosecution ultimately resulted in a verdict of acquittal in the criminal case but whether there had been probable cause for the action taken by appellants. Probable cause merely means "reasonable cause." Black's Law Dictionary (1968). It has been defined as a reasonable ground for belief in the existence of facts warranting the proceedings complained of.Owens v. Graetzel, 149 Md. 689, 132 A. 265, 267. In other words, the issue was whether the facts and circumstances upon which appellants acted were such as to constitute probable cause or reasonable ground for their belief that appellee was engaged in shoplifting or whether their actions were unreasonable under the circumstances and prompted by malice against Mrs. Blush.
While evidence of Mrs. Blush's acquittal is relevant upon the issue of probable cause, it is neither exclusive nor conclusive upon that issue. The quantum of evidence required to convict in a criminal case is different and is greater than in civil proceedings. In the criminal case, proof beyond a reasonable doubt is necessary and a verdict of acquittal means no more than that the evidence did not remove from the jurors' minds every reasonable doubt of guilt. The jury in the case now before us must reach its decision upon the basis of a preponderance of the evidence and not upon the single fact of the ultimate acquittal of appellee by a jury on the criminal charge. Allen v. Ritter,235 So.2d 253 (Miss. 1970).
The prevalence of shoplifting and the difficulties of the merchant in coping with it was recognized by the Mississippi Legislature in the enactment of section 97-23-49 Mississippi Code Annotated (1972):
 If any person shall wilfully conceal unpurchased goods, wares or merchandise owned or held by and offered or displayed for sale by any store or other mercantile establishment, whether such concealment be on his own person or otherwise and whether on or off the premises of said store or mercantile establishment, such concealment shall constitute prima facie evidence that such person intended to convert same to his own use without paying the purchase price therefor within the meaning of section 97-23-45; and the finding of such unpurchased goods, wares or merchandise concealed upon the person of or within or among the personal effects or belongings of such person shall constitute prima facie evidence of willful concealment; and if such person conceals, or causes to be concealed, such unpurchased goods, wares or merchandise upon the person or within or among the belongings or personal effects of another, the finding of same shall also be prima facie evidence of willful concealment on the part of the person so concealing such goods, wares or merchandise.
Appellant Taylor and a Mrs. Tuberville, Security Guards for the J.C. Penney Company, testified that appellee had knelt down by the purse rack and had concealed the one stick of lip gloss and two sticks of eyeliner in her purse. Their testimony was that Taylor had Mrs. Blush under observation the entire time. They also testified that Mrs. Blush had told them that she had never done such a thing before and had asked if she might pay for the items in question. This was denied by Mrs. Blush.
For the errors mentioned above, the case must be reversed and remanded for another trial.
In addition to the above errors it is necessary to mention two other matters which occurred in connection with the trial. Appellee was allowed to introduce into evidence a letter she said she had received, purporting to be from an inmate at Parchman. This letter stated, among other things, that the writer had read that she *Page 594 
had been "busted" in a list of persons "busted" in the Jackson area. It purported to contain an invitation to her to go into "business" with him. This unauthenticated letter contained a great deal of other extraneous matter of a prejudicial nature. The conviction of Mrs. Blush in municipal court is an admitted fact and was a matter likely to be noted in the press. The objection to this letter should have been sustained. There was no authentication of this letter, its contents were hearsay, and whatever probative value (if any) it may have had, the irrelevant and prejudicial matter it contained far outweighed it. If this were the only error in the case it might not be necessary to reverse but it should not be permitted in evidence upon a retrial of the case.
The second incident that requires comment is that one of appellee's attorneys telephoned V.A. Taylor, one of the appellants, and engaged him in a conversation about the case. This attorney recorded the conversation on tape without informing Taylor. When Taylor testified he was told for the first time that the conversation had been recorded. The same attorney, who was representing appellee in the trial of the case, took the stand as a witness in her behalf and testified the tape had not been altered by erasure or otherwise as Taylor claimed. He then also argued the case to the jury on behalf of plaintiff and told the jury in argument that he, not Taylor, was telling the truth about the condition of the tape. Somewhere along the line the tape seems to have been lost or destroyed and for that reason the question may not again arise. The propriety of the attorney's action in taping the telephone conversation without informing the person called that he was doing so, and in testifying as a witness to vouch for the condition and contents of the tape and in arguing to the jury that his testimony as a witness was true, are questioned on appeal. While the exact situation does not seem to have been dealt with by this Court heretofore, a somewhat similar problem was discussed in Valley Dry Goods v. Buford,114 Miss. 414, 75 So. 252 (1917).
 In the opening argument for the plaintiff Senator Murray, one of counsel for plaintiff, stated that he believed Miss Buford was a truthful woman, believed every word she said on the witness stand, and believed she was telling the truth, which statements were objected to, and are complained of here. Whatever may be said of the propriety from an ethical standpoint of this language, we do not think that there is any error that would reverse the case. Counsel must be allowed wide latitude in their arguments. They are employed to present one side of the cause to the jury and must be allowed wide discretion as to methods in presenting their arguments. We assume the jury would expect counsel to believe his client whether the jury believed it or not. We do not think the jury would be misled by an expression of belief by an attorney in the case.
 (114 Miss. at 428-429, 75 So. at 255).
As to the ethical considerations involved in the secret taping of the conversation, the dual role of an attorney testifying as a witness in a case in which he was also actively engaged in representing one of the parties, plus his argument to the jury bolstering the credibility of his own testimony, we quote from Formal Opinion 337, ABA Committee On Ethics And Professional Responsibility, August 10, 1974:
. . . With the exception noted in the last paragraph, [extraordinary circumstances where the Attorney General or one acting under his direction may use secret recordings] the Committee concludes that no lawyer should record any conversation whether by tapes or other electronic device, without the consent or prior knowledge of all parties to the conversation.
Code of Professional Responsibility, Disciplinary Rule 7-106(C)(4), states:
 In appearing in his professional capacity before a tribunal, a lawyer shall not: . . . (4) Assert his personal opinion as to the justness of a cause, as to the *Page 595 credibility of a witness, . . . (Emphasis added).
We consider the principles enunciated to be sound and suggest that, upon retrial, they be borne in mind and adhered to by counsel.
The case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part. *Page 1143