ANSTEAD, Judge.
This is an appeal from the dismissal of a complaint for malicious prosecution. We affirm.
John Padrevita was charged with violating the ordinances of the City of Lake Worth by acts contributing to the delinquency of a minor. The alleged acts were the purchase of a six pack of beer and a can of Ban deodorant, the beer allegedly for consumption by the minor and the deodorant for inhaling by the same minor. Pa-drevita was convicted in the municipal court. On appeal to the circuit court his conviction was reversed on the grounds of insufficient evidence and the improper admission into evidence of a statement by Padrevita, and the municipal court was directed to enter an order discharging Padre-vita. Padrevita then filed an action for malicious prosecution against the city, two police officers, Marvin Jenna and Paul Michael Lennertz, and the city prosecutor, Carl Y. M. Coffin, which was subsequently dismissed with prejudice upon motion by the appellees. On appeal the parties agree that the only issue to be resolved is the sufficiency of the allegations of the complaint as to the lack of probable cause for Padrevita’s prosecution.
To sustain the dismissal appellees rely upon the cases of Goldstein v. Sabella, 88 So.2d 910 (Fla.1956) and Community National Bank of Bal Harbour v. Burt, 183 So.2d 731 (Fla. 3d DCA 1966). The Third District, in Burt, held that when there has been an initial conviction, a complaint must specifically allege that the conviction was reversed on appeal on the grounds of fraud, perjury or other corrupt means in order to overcome the presumption of probable cause for the prosecution created by the conviction. Burt relies upon Goldstein for this proposition. Padrevita’s complaint alleged that his conviction was obtained by fraud, perjury or other corrupt means, but did not allege that such fraud, etc., was the reason for reversal of the conviction on appeal.
We do not agree with the Third District’s interpretation of Goldstein. The *741 language in Goldstein relied on by Burt states:
Our research has convinced us that the views and line of decisions which constitute the weight of authority hold that a judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury, or other corrupt means. This view is in accord with our thinking, and, we believe, with logic. We do therefore adopt this view as the holding of this' Court on this question. We further hold that a subsequent reversal of the judgment of conviction does not destroy the validity and effect of the determination of the question of probable cause, unless it be reversed for fraud, perjury, or other corrupt means.
However, following this language the Supreme Court went on to decide the case at hand as follows:
While it is true that the trial judge followed what is considered to be a minority rule, that a judgment of conviction is conclusive evidence of probable cause, yet under the allegations of the complaint, as amended, which he dismissed, he would nevertheless have been required to dismiss the same under the rule of law which we have adopted hereinabove, since the plaintiff Goldstein alleged that there had been a judgment of conviction against her which had been subsequently reversed, but she did not allege that such judgment had been obtained by fraud, perjury, or other corrupt means. The effect of the allegation that the defendant had obtained a judgment of conviction against the plaintiff, in an action complained of, and the absence of an allegation of fraud, perjury, or other corrupt means in the procuring of said judgment, is .conclusive, on the face of the pleadings, that probable cause did exist for instituting the action.
We believe that Goldstein stands for the proposition that a judgment of conviction is conclusive evidence of probable cause, unless the judgment was obtained by fraud, perjury or other corrupt means. Hart v. Duncan, 233 So.2d 133 (Fla. 4th DCA 1970). Hence, it was only necessary that Padrevita allege the procurement of his conviction by fraud, perjury or other corrupt means to overcome the presumption created by his initial conviction. While we reach this conclusion based upon our reading of the Gold-stein opinion, we also note that since an appeal is a direct attack on a judgment, it would be virtually impossible to secure an appellate reversal based upon collateral matters such as fraud or perjury. Accordingly, requiring a showing that an appellate decision was based on a showing of fraud, etc., would be virtually impossible. The underlying reasoning behind the rule is that a conviction sufficiently establishes probable cause for prosecution so as to bar a subsequent malicious prosecution action, unless the conviction was obtained by fraud, perjury or other corrupt means, in which case the entire basis for accepting the conviction to establish probable cause disappears. This is true regardless of any appellate disposition of the conviction.
The appellees also contend that the allegations of fraud, etc., are not sufficient. The allegations as to fraud, perjury or other corrupt means employed to obtain the conviction can be divided into three classifications:
1. Allegations that the two police officers filed initial affidavits to secure arrest warrants stating that appellant’s actions constituted a crime.
2. Allegations that the police officers and the prosecutor were biased against the appellant because he was a homosexual and made improper references to his homosexuality during his trial.
3. Allegations that the prosecutor improperly argued to the court that “but for” appellant’s actions the minor involved would be alive.
Counsel have not cited and we are unable to locate a Florida case that clearly defines the “fraud, perjury or other corrupt means” necessary to nullify the presumption of probable cause created by a judgment of conviction. However, we are in substantial agreement with the following standard set out in the case of Norton v. John M. C. *742 Marble Co., 30 Cal.App.2d 451, 86 P.2d 892 (1939):
In Holliday v. Holliday, supra [123 Cal. 26, 55 P. 703], the court said [page 704]: “* * * when a person is charged before a competent court having jurisdiction of the matter, and is tried and found guilty, the judgment rendered, unless it is shown to have been obtained by means of fraud, is conclusive evidence of probable cause for making the charge, even though it is afterwards held to be unauthorized, and reversed on appeal.
******
The fraud relied upon to overcome the presumption of probable cause arising from the conviction of the complaining party need not be extrinsic fraud such as would support an action for the setting aside of the judgment itself, but the fraud may be intrinsic. In Carpenter v. Sibley, supra [153 Cal. 215, 94 P. 879], this idea is expressed as follows: “So we find it laid down that the general rule now is ‘that if the declaration or complaint shows a conviction of the plaintiff, yet if it be averred that the conviction was procured by fraud, perjury, or subornation of perjury, or other unfair conduct on the part of the defendant, the presumption of probable cause is effectually rebutted.’ ” Also it is apparent that the “other unfair conduct on the part of the defendant” must amount to fraud.
The bare allegation of want of probable cause contained in the complaint is not a sufficient allegation where a conviction before the trial court is admitted in the complaint. Averments of conspiracy and of the knowledge of the falsity of the charge and the sprinkling of the complaint with vituperative epithets such as “premeditatedly, wickedly, and with studied care and protracted deliberation” are not allegations of fraud. White v. Brinkman, 23 Cal.App.2d 307, 313, 73 P.2d 254. The facts constituting the fraud must be set forth. Under the circumstances the complaint herein showed on its face probable cause, and therefore the demurrers were properly sustained.
Using this standard, we do not believe appellant’s allegations are sufficient to show that his conviction was obtained by fraud, perjury or other corrupt means employed by appellees. The filing of the initial affidavits was not before the court at the time of trial and could hardly constitute a basis for the finding of guilt. Indeed, the appellant also affirmatively alleged that the officers testified at trial that none of the beer had been consumed and that Ban deodorant was not a controlled substance under Florida law. Similarly, the appellant has failed to allege in what manner the references to his homosexuality and the death of the minor were improper or in what manner his conviction by the trial court was a result of such references. And the mere fact that the police and prosecutor acted out of bias is not sufficient in itself to show that the conviction by the court resulted from fraud, perjury or other corrupt means.
Under' the circumstances of this case we believe the appellant should be afforded one more opportunity to sufficiently allege fraud, perjury or other corrupt means. Accordingly, while we affirm the order of dismissal, this affirmance is without prejudice to the appellant to file an amended complaint.
DOWNEY, C. J., and DAUKSCH, J., concur.