HERSEY, Judge.
After an altercation Appellant filed a complaint against Appellee resulting in Ap-pellee being charged with and eventually convicted of an assault. A new trial was granted and Appellee was subsequently acquitted.
Appellee then filed the present action for malicious prosecution against Appellants which resulted in a jury verdict assessing damages of $2500 against Appellants.
This appeal complains of two aspects of the proceedings in the lower tribunal which we consider in the sequence in which they have been briefed and argued.
The substance of appellants’ first suggestion of error arises from the trial court’s refusal to grant a new trial. The basis for a new trial is said to be that the jury considered improper evidence in reaching a verdict on damages. At one point in the trial appellee testified that this incident (referring to the criminal prosecution) had cost him $2500. An objection was sustained and the jury was directed to disregard this testimony. An instruction was given in due course on the appropriate elements of damage for malicious prosecution.
There was testimony upon which the jury could base a finding of monetary damages. The fact that the award coincides with an amount suggested by an inappropriate measure of damages is insufficient, standing alone, to justify setting aside the verdict at the appellate level.
Assessing the amount of damages for malicious prosecution is peculiarly within the province of the trier of fact. Maiborne v. Kuntz, 56 So.2d 720 (Fla.1952). Further, a motion for new trial is addressed to the sound judicial discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Stopko v. Farrington, 235 So.2d 28 (Fla. 4th DCA 1970). No such showing is made by this record.
The second point on appeal is directed to the refusal of the trial court to give a requested instruction. For a plaintiff to recover in an action for malicious criminal prosecution it must be shown that the preceding criminal prosecution terminated in his favor. There are certain consequences which follow from an initial conviction (an adverse termination) and subsequent reversal on appeal with an eventual “favorable” termination. See e. g., Padrevita v. City of Lake Worth, 367 So.2d 739 (Fla. 4th DCA 1979).
The pertinent provision of the tendered instruction provides that:
One acts without probable cause in instituting a criminal proceeding against another if the circumstances are not sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged. You may infer from a finding of guilt in the criminal proceeding, even if later reversed, that there was probable cause in instituting the criminal proceedings.
We have carefully reviewed the instructions which were given to the jury and have concluded that the applicable law was fully and fairly presented based upon the pleadings and the evidence.
Even if we were not able to so conclude, however, we would not classify the court’s refusal to give the requested instruction as error. The second sentence of *1267 the proffered instruction, the portion in issue, is fragmentary and therefore misleading and erroneous. The pleadings allege and there was some evidence that the initial conviction was obtained by “perjury or other corrupt means.” See Padrevita v. City of Lake Worth, supra.
Accordingly, we affirm.
AFFIRMED.
LETTS, C. J., and HURLEY, J., concur.