483 So.2d 122 (1986)
AMERICAN FIRE & INDEMNITY CORP., Tom Ramsey and Donna Marie Jones, Appellants,
v.
STATE FARM AUTOMOBILE INSURANCE COMPANY, a Foreign Corp., As Subrogee for Kathlyne M. Walkup, Benjamin F. Griffin, Jr., and John Belk Walkup, Jr.; and Kathlyne M. Walkup and John Belk Walkup, Jr., Appellees.
No. BG-152.
District Court of Appeal of Florida, First District.
February 14, 1986.
Rehearing Denied March 10, 1986.
Jack A. Langdon, of Jack A. Langdon, P.A., and Craig F. Hall, of Hall & Hall, P.A., Gainesville, for appellants.
L. Edward McClellan, of McClellan, Vostrejs & Batsel, Ocala, for appellees.
SHIVERS, Judge.
American Fire & Indemnity Corp. (American Fire) and its insureds Tom Ramsey and Donna Marie Jones appeal an amended partial final judgment reforming a release obtained by Continental Insurance Company which the trial court reformed to not release the appellants. On appeal are the issues of whether the trial court erred in granting reformation and whether the trial court erred in failing to rule on appellants' affirmative defenses. We reverse on the first issue and find it unnecessary to reach the second.
The parties are before the court as a result of an automobile accident in which an automobile insured by American Fire was involved in a head-on collision with an automobile insured by Continental Insurance, driven by Timothy Fitzpatrick. The children of Mr. and Mrs. Walkup were passengers in the vehicle insured by American Fire. The Walkups were insured by State Farm who had issued them uninsured motorist coverage in the amount of $300,000. Continental had $15,000 liability coverage on the vehicle driven by Fitzpatrick.
The car driven by Fitzpatrick was proceeding north on the southbound side of the median of U.S. 441 when he struck the vehicle driven by Donna Marie Jones. Her father, Tom Ramsey, is the owner of the vehicle. Fitzpatrick and three of the four Walkup children were killed in the collision.
State Farm tendered to the Walkups the limits of their $300,000 policy and in return received a release and an "Assignment of Cause of Action," which did not mention any potential suit against Donna Marie Jones or Tom Ramsey. Thereafter, the attorney for State Farm requested the $15,000 liability coverage from Continental Insurance which it agreed to pay in return for a release. The release drafted by Continental's attorney was a general release which by its terms would release all claims, including any potential subrogation action *123 by State Farm against Donna Marie Jones and Tom Ramsey for alleged negligence.
The release as drafted read that State Farm in consideration of $15,000 released Fitzpatrick and Continental Insurance and "all other persons, firms, corporations, associations or partnerships of and from any and all claims... ." The trial court reformed the release by deleting the quoted language.
The attorney for State Farm conceded that she had made an error in accepting the release. The attorney for Continental Insurance stated that he used general release language as he intended, but he would have eliminated the language upon request. The Walkups, who are also signatories of the release in their individual and representative capacities, stated they had no intention of ever suing Jones or Ramsey.
The trial court, in response to State Farm's amended complaint asking for declaratory relief and reformation of the release, ruled that the inclusion of the language creating a general release was a mutual mistake and ordered the release reformed, thereby allowing State Farm to proceed against American Fire.
The trial judge stated that he had an opportunity to observe Continental's attorney, Mr. Graves, and was of the opinion that the mistake was mutual, because Graves only intended to secure a release for Continental and Fitzpatrick. A review of the record, however, shows that Continental's attorney made no mistake. The mistake was made by only State Farm's attorney. Mr. Graves testified that in drafting the release his only concern was representing his client, Continental, and to insure they were released. The release was dictated and was not merely a printed form. The court summarized at the hearing Mr. Graves' testimony as follows:
THE COURT: Mr. Graves just said that he put the language in there, that he intended it as a general release to protect his clients against all action back against them of whatever nature or whatever kind.
Is that not correct, Mr. Graves?
WITNESS: Yes, Your Honor.
THE COURT: And by the drafting of that release you intended to set all such matters at rest?
WITNESS: Yes, sir.
THE COURT: That was the whole purpose of the release; wasn't it?
WITNESS: Yes.
THE COURT: I think that is the answer you're seeking.
There was no mistake about you putting it in there; you put it in there deliberately, purposefully and intentionally, knowing that it was a general release; isn't that correct, Mr. Graves?
WITNESS: That's correct, Your Honor.
A contract cannot be reformed in the absence of mutual mistake. Alexander v. Kirkham, 365 So.2d 1038 (Fla. 3d DCA 1978), cert. denied, 375 So.2d 911 (Fla. 1979). Although the question of intent is a matter left to the trier of fact for determination, Duncan Properties, Inc. v. Key Largo Ocean View, Inc., 360 So.2d 471 (Fla. 3d DCA), Dism., 362 So.2d 1054 (Fla. 1978), there is no evidence which would support any proposition other than that Graves intended to draft a general release. No mistake occurred on his part and there exists no genuine issue of material fact as to the unilateral nature of the mistake. It was error to reform the release. This case is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
MILLS and ZEHMER, JJ., concur.