PER CURIAM.
The defendant, Stuart Newman [Newman] f/u/b/o Arnica Mutual Insurance Company [Arnica], appeals from an adverse summary judgment. We affirm.
A bus driver collided with Newman while operating a bus for Metropolitan Dade County [Dade County], Arnica paid its insured, Newman, for the total loss of his 1982 Jaguar.
Newman sued Dade County. The case was settled during trial. Gary Siplin, the attorney who was handling the case for Dade County, was given authority to settle this matter without Metropolitan Dade County Risk Management Department’s [Risk Management] approval. Thereafter, Siplin sent a letter to Newman’s attorney enclosing “the release of all claims in full and final settlement.” The release which was signed by Newman released Dade County for bodily and personal injuries and property damage.
Arnica sued Dade County for negligent damage to one of its insured vehicles. The amended complaint sought reformation of the release executed between Newman and Dade County based on the mutual mistake of the parties. The complaint alleges that the parties intended that the release be only for bodily injuries and not for property damage.
After the release was signed, Risk Management continued to negotiate with Amica. Arlo Emory, a Claims Examiner for Dade County, also continued to negotiate with Arnica through written correspondence. In his deposition, Emory stated that he does not remember speaking with Siplin regarding this matter and that Siplin did not need Risk Management's authority to settle the claim.
Mr. Newman signed an affidavit stating that he did not intend to extinguish or impair Arnica’s property damage claim against Dade County. On the other hand, Siplin signed an affidavit stating that he intended the release to be for both property damage and personal and bodily injuries.
In order to reform a contract, the evidence must demonstrate by clear and convincing evidence that there was a mutual mistake of fact between the parties. See America Fire & Indem. Corp. v. State Farm Auto. Ins. Co., 483 So.2d 122 (Fla. 1st DCA 1986); Canal Ins. Co. v. Hartford Ins. Co., 415 So.2d 1295 (Fla. 1st DCA 1982), review denied, 424 So.2d 761 (Fla.1983). In viewing the evidence in a light most favorable to Newman and Arnica, the evidence does not clearly and convincingly demonstrate that there was a mutual mistake between the parties. The evidence merely shows that there was a'unilateral mistake.
Accordingly, we affirm.