578 So.2d 783 (1991)
Donna Marie JONES and Tom Ramsey, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellees.
No. 90-853.
District Court of Appeal of Florida, First District.
April 16, 1991.
*784 Craig F. Hall of Hall & Hall, P.A., Gainesville, for appellants.
Robert L. Donald, Raymond A. Haas, and Michael A. Roe, of Haas, Boehm, Brown, Rigdon & Seacrest, P.A., Fort Myers, for appellees.
ZEHMER, Judge.
Donna Marie Jones and Tom Ramsey appeal a final judgment in this malicious prosecution action entered pursuant to the trial court's granting of State Farm Mutual Automobile Insurance Company's motion for directed verdict. Finding no error, we affirm.
The facts underlying appellants' malicious prosecution action involve a September 8, 1979, collision between an automobile driven by Ms. Jones and an automobile driven by Timothy Fitzpatrick. The Jones vehicle, which belonged to Mr. Ramsey, was transporting four children of the Walkup family, when it was struck head-on by the Fitzpatrick vehicle. Mr. Fitzpatrick was driving on the wrong side of the highway and apparently had been drinking alcohol. The collision caused the death of Mr. Fitzpatrick and three of the Walkup children and serious injuries to the fourth child and Ms. Jones. State Farm insured the Walkup family under an uninsured motorist policy and paid the Walkup family $300,000 in underinsured motorist benefits, thereby becoming subrogated to any rights the Walkups had against persons responsible for the accident. Mr. Fitzpatrick's insurer, Continental Insurance Company, subsequently paid State Farm $15,000 pursuant to these subrogated rights. In return, State Farm gave Continental and its insured a written release, to which neither Ms. Jones nor Mr. Ramsey was party, reciting that State Farm thereby released Mr. Fitzpatrick and his estate, and "all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses, and compensation whatsoever" arising from the accident.
On December 2, 1980, State Farm filed suit against Ms. Jones, Mr. Ramsey, and American Fire & Indemnity Corporation, as insurer of Ms. Jones and Mr. Ramsey, alleging that Ms. Jones negligently operated the motor vehicle and that her negligence was the proximate cause of the death of the three Walkup children and the serious injuries to the fourth Walkup child. Ms. Jones, Mr. Ramsey, and American Fire answered the complaint, denying the negligence charge and alleging the affirmative defense of release based on State Farm's release delivered to Continental and its insured. *785 These defendants subsequently filed motions for summary judgment on the issue of negligence and their affirmative defense of release, which were denied. State Farm then filed an amended complaint seeking declaratory relief and reformation of the release based on mutual mistake. After a bifurcated bench trial on the issue of reformation of the release based on mutual mistake, the circuit court entered an amended partial final judgment reforming the release and striking the language in the document purporting to release "all other persons ..." from liability. This ruling was based on findings that a mutual mistake occurred in the drafting of the release and that the parties thereto did not intend to release Mr. Ramsey and Ms. Jones. On appeal, this court reversed the trial court's judgment, holding that there was no evidence to support a finding of mutual mistake and that there was no factual or legal basis to reform the release. American Fire & Indemnity Corp. v. State Farm Auto. Ins. Co., 483 So.2d 122 (Fla. 1st DCA 1986). On remand, the circuit court entered summary final judgment in favor of Ms. Jones, Mr. Ramsey and American Fire, ruling that the resolution of the release defense in their favor entitled them to prevail in the action. The alleged negligence issue was never tried.
On April 26, 1988, Ms. Jones and Mr. Ramsey filed suit against State Farm on theories of malicious prosecution and abuse of process, claiming compensatory and punitive damages. After the circuit court granted State Farm's motion for a partial summary judgment on the abuse of process count, a jury trial was held on the malicious prosecution count. On February 20, 1990, the circuit court granted State Farm's motion for directed verdict, ruling, among other things, that: (1) State Farm's conduct fell short of the conduct that would justify the award of punitive damages; (2) as a matter of law, State Farm had probable cause to pursue the reformation of the release because the fact the trial judge's decision was subsequently reversed by an appellate court does not destroy the effect of that judgment being conclusive evidence of the existence of probable cause; and (3) Ms. Jones and Mr. Ramsey could not show that they previously prevailed on the merits of their alleged negligence.[1]
We affirm the appealed judgment because appellants failed to carry their burden of proving all essential elements of the malicious prosecution action. To prevail on malicious prosecution, a plaintiff must prove the following essential elements:
(1) the commencement or continuance of an original criminal or civil judicial proceeding;
(2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
(3) its bona fide termination in favor of the present plaintiff;
(4) the absence of probable cause for such proceeding;
(5) the presence of malice therein; and
(6) damages conforming to legal standards resulting to plaintiff.
Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla. 1986). Appellants failed to prove at least two elements for the reasons hereafter discussed.
Appellants failed to prove that there was a favorable decision on the merits or a bona fide termination of the previous proceedings in their favor. In Union Oil v. Watson, 468 So.2d 349, 353 (Fla. 3d DCA), rev. denied, 479 So.2d 119 (1985), the court discussed the nature of the required showing on this element in the following words:
Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination. [citations omitted] The converse of that rule is that a favorable termination exists where a dismissal is of such a nature as to indicate the innocence of the accused. [citations omitted] *786 For example, where a dismissal is taken because of insufficiency of the evidence, the requirement of a favorable termination is met. [citations omitted] In order to determine whether the termination of an action prior to a determination on the merits tends to indicate innocence on the part of the defendant one must look to whether the manner of termination reflects on the merits of the case. [citations omitted]
468 So.2d at 353-54. Although that case involved a voluntary dismissal, the general principles are applicable in determining whether the nature of the termination of the prior proceeding satisfies the essential element of malicious prosecution. Among several illustrative cases cited in that opinion is Webb v. Youmans, 248 Cal. App.2d 851, 853, 57 Cal. Rptr. 11 (1967), for the proposition that "a dismissal resulting from negotiation, settlement, or consent is generally not deemed a favorable termination of the proceedings because it reflects ambiguously on the merits of the action." 468 So.2d at 354. Thus, the applicable rule is that a final summary judgment can constitute an adjudication on the merits or a bona fide termination of the proceedings sufficient to satisfy this element of malicious prosecution only if the trial court considered the merits of the case in rendering the summary judgment, rather than if the judgment was just based on a technical or procedural factor.
In the case now before us, the final summary judgment for appellants in State Farm's suit against them was based on their defense of a release that this court ultimately held could not be reformed for mutual mistake; the trial court did not reach the underlying merits of State Farm's allegations of negligence against them, and the issue of whether Ms. Jones negligently operated the automobile was never tried. The case thus terminated solely on the affirmative defense of release, which was a plea in the nature of a confession and avoidance wherein appellants admitted, for the sake of argument, that they were negligent but could not be held liable because State Farm had released them. This does not amount to a favorable termination on the merits sufficient to support a malicious prosecution action.
Moreover, the trial court correctly ruled that State Farm's initiation of its action against appellants in the face of State Farm's release to Continental and its insured does not support appellant's allegations of malicious prosecution. State Farm successfully contended before the trial court that it had mistakenly executed a release that contained language broad enough to encompass appellants, and as the circuit court properly observed, that ruling is sufficient to support a finding of probable cause as a matter of law that was not vitiated by this court's reversal on that issue. Goldstein v. Sabella, 88 So.2d 910 (Fla. 1956).
AFFIRMED.
SMITH and NIMMONS, JJ., concur.
NOTES
[1] On this point, the circuit court stated that "there was never a resolution of whether Plaintiff ... was negligent. The issue of release is a technical legal issue which constituted a dismissal of an ambiguous nature as it relates to the issue of [Ms. Jones's] negligence and therefore, not constituting a `bona fide' termination as a matter of law."