654 So.2d 1300 (1995)
Karen Daniel ELLIOT, Appellant,
v.
Cynthia April PALLOTTI, Appellee.
No. 94-1204.
District Court of Appeal of Florida, Fifth District.
June 2, 1995.
*1301 W. David Dugan of Dugan and Dugan, P.A., Melbourne, for appellant.
Douglas D. Marks of Potter, McClelland & Marks, P.A., Melbourne, for appellee.
THOMPSON, Judge.
Karen Daniel Elliot appeals the final judgment which denied her motion for attorney's fees and costs in a civil action involving real property. We affirm.
Elliot sued Cynthia April Pallotti over the conveyance of real property. Elliot purchased five acres of land that were to include improved property, a home, and a well to supply water to the home. The warranty deed, however, did not include a description of the well or the property containing the well. Elliot filed a five-count complaint seeking alternative forms of relief.[1] Elliot later amended her complaint at trial to add a claim for attorney's fees. After a hearing, the trial court entered its final judgment finding in favor of Elliot on her claims to quiet title and for reformation, and finding in favor of Pallotti on Elliot's claim for damages. The court ordered Pallotti to execute and deliver for recording a quit-claim deed conveying the property containing the well to Elliot and ordered Elliot to execute and deliver for recording a quit-claim deed conveying an equal amount of property to Pallotti. The trial court denied Elliot's motion to tax costs and attorney's fees; thus, each party was required to pay her own costs and attorney's fees.
Because the proceedings below were not recorded by a court reporter, pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), Elliot filed a statement of the evidence in the trial court. When Pallotti did not submit any objections or proposed amendments, the trial court filed its order approving Elliot's statement of evidence.[2] Relying on her statement of the evidence, Elliot argued on appeal that she was entitled to recover her attorney's fees and costs as the prevailing party below because the contract between the parties provided that "[i]n any litigation arising out of Contract, the prevailing party shall be entitled to recover reasonable attorney's fees and costs," and because the trial judge found in favor of Elliot on her claims to quiet title and for reformation. Elliot contended that, as each claim arose out of the parties' contract, she was entitled to recover fees and costs on those claims as well.
Pallotti argued that, in order to be entitled to fees, Elliot must show that she was the prevailing party for attorney's fees purposes and that the action on which she prevailed was one arising out of the contract containing the attorney's fees provision. A review of the record showed that Elliot's complaint did not contain a count for breach of contract, yet the statement of evidence indicated that the trial court found in favor of Elliot on her breach of contract claim and that the contract for sale and purchase, which contained the attorney's fees provision, was intended to include the well. Accordingly, we relinquished jurisdiction to the trial court and ordered the parties to supplement the record on appeal with "a more complete statement of the proceedings below in accordance with Florida Rule of Appellate Procedure 9.200(b)(3)." See also Bei v. Harper, 475 So.2d 912 *1302 (Fla. 2d DCA 1985) (if a statement of evidence prepared by the appellant and approved by the trial court pursuant to rule 9.200(b)(3), together with exhibits and pleadings in the record, is inadequate to enable the appellate court to make a meaningful review of the issues presented, the appellate court can order the appellant to submit a more complete statement of the proceedings and order the appellees to respond). The trial court complied and filed "a more complete statement of the proceedings," which contained these pertinent findings:
11. No motion to amend to add a claim for breach of contract was made or if any such motion was made orally, any such motion was denied. Thus, this case does not contain a claim for breach of contract.
14. Subsequent to the trial, Plaintiff/Appellant [Elliot] moved for an award of attorney's fees and costs.
15. On April 21, 1994, the trial court entered its Final Judgment denying attorney's fees and costs to Plaintiff/Appellant. The trial court did not provide any findings in the Final Judgment as to why attorneys [sic] fees and costs were denied.
We have reviewed the trial court's supplemental order, and we affirm the entry of the final judgment without discussing whether Elliot was the prevailing party in the lawsuit. Moritz v. Hoyt Enterprises, 604 So.2d 807 (Fla. 1992). On appeal, Elliot has not submitted a record adequate to support her argument that the trial court erred in denying her motion for attorney's fees. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); White v. White, 306 So.2d 608 (Fla. 1st DCA 1975). It is Elliot's obligation to provide the appellate court with a record that demonstrates error because the decision of the trial court is presumed correct. Applegate, 377 So.2d at 1152. The limited record before this court fails to reveal any such error. Elliot's argument that she should be awarded attorney's fees is based on her breach of contract claim. Elliot has not alleged a statutory basis for attorney's fees. See Stockman v. Downs, 573 So.2d 835, 837 (Fla. 1991) ("a claim for attorney's fees, whether based on statute or contract, must be pled"). In its supplemental order, however, the trial court found that Elliot did not file a breach of contract claim in her complaint or in her ore tenus motion to amend her complaint to include a claim for attorney's fees. Therefore, if Elliot's sole basis for attorney's fees is her breach of contract claim, and none was filed, she has failed to demonstrate that the trial court erred in denying her request for attorney's fees.
In this regard, Elliot has the burden of demonstrating an abuse of discretion by the trial judge in determining attorney's fees. The determination of attorney's fees is within the sound discretion of the trial court and will not be disturbed on appeal, absent a showing of a clear abuse of that discretion. B & H Constr. & Supply Co. v. District Bd. of Trustees of Tallahassee Community College, 542 So.2d 382, 387 (Fla. 1st DCA), review denied, 549 So.2d 1013 (Fla. 1989). As Elliot has failed to show an abuse of discretion, the trial court is affirmed.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Count I was an action for declaratory and injunctive relief; Count II was an action for damages; Count III was an action to quiet title to real property; Count IV was an action for damages; and Count V was an action for reformation of the warranty deed and corrective warranty deed.
[2] Pallotti's attorney had filed a motion to withdraw earlier in the case, and Pallotti proceeded pro se. At the time the statement of evidence was prepared, Pallotti was representing herself.