FARMER. Judge.
We reverse the final judgment in favor of the owners in this action by a homeowners association to enforce restrictive covenants. Although the court found that the action should fail because of ambiguities and selective enforcement, we conclude that the association lacked standing to bring the action.
Initially, we note that our decision in Holiday Pines Property Owners’ Ass’n v. Wetherington, 596 So.2d 84 (Fla. 4th DCA 1992), involving the same development and homeowners association, did not address the issue of standing and thus represents no holding by us on that issue. We also reject the association’s argument that we should decline to address this issue of standing because of mootness or other procedural grounds.
In Palm Point Property Owners’ Ass’n v. Pisarski, 626 So.2d 195 (Fla.1993), the court declined to extend associational standing to a voluntary homeowners association unless the association was the assignee of the developer’s right to enforce the restrictive covenants or the direct successor of the developer’s interest. Here, neither fact is true.
This association was never the holder of title to any benefitted land and has no direct interest in the enforcement of the covenants. Moreover there are no provisions in the relevant documents for the association to seek judicial enforcement of the covenants. Accordingly, under Pisarski, the association lacked standing to bring this action to enforce the parking regulation at issue.
REVERSED.
KLEIN and PARIENTE, JJ., concur.