759 So.2d 13 (2000)
Alex ROWEN and Theresa Rowen, his wife, Appellants,
v.
HOLIDAY PINES PROPERTY OWNERS' ASSOCIATION, INC., a Florida corporation, Edward Novak, Jane Romeyn, Joseph Zell, Robert Bangert, Norman Haag, Edward Russell, Grace Romanos, Edward Bettiol, and Joyce Reinhart, Appellees.
No. 4D99-0693.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied June 7, 2000.
*14 Richard D. Sneed, Jr. of Law Offices of Richard D. Sneed, Jr., P.A., Fort Pierce, for appellants.
Louis B. Vocelle, Jr. of Clem, Polackwich & Vocelle, Vero Beach, for Appellees-Holiday Pines Property Owners' Association, Inc., a Florida corporation, Edward Novak, Jane Romeyn, Joseph Zell, Robert Bangert, Norman Haag, Grace Romanos, Edward Bettiol, and Joyce Reinhart.
Rhea P. Grossman, and Mark A. Hendricks of Carman, Beauchamp, Sang & Topkin, P.A., Deerfield Beach, for Appellee-Edward Russell.
GROSS, J.
Alex and Theresa Rowen appeal a final summary judgment entered against them in their malicious prosecution claim against Holiday Pines Property Owners' Association, Inc. (the "Association") and its directors. We reverse, holding that there was a bona fide termination of the Association's earlier suit against the Rowens sufficient to support a cause of action for malicious prosecution.
The genesis of this case was an action filed by the Association against the Rowens to enforce a restrictive covenant. The Association claimed that the Rowens violated the covenant by leaving a pick-up truck outside of their garage and sought injunctive relief.
One affirmative defense the Rowens asserted was that the Association lacked standing to bring the lawsuit. The Rowens raised the issue in a motion for summary judgment. The Association opposed the motion, arguing that it had standing to enforce the covenants. The trial court denied the motion for summary judgment.
After a bench trial, the trial court found that the restrictive covenant at issue was ambiguous, that it had not been uniformly enforced by the Association, and that it had been arbitrarily enforced against the Rowens. The trial court also held that the Association had standing to bring the suit. The court entered a final judgment in favor of the Rowens reflecting these rulings.
The Association appealed the final judgment. The first issue raised in the Association's *15 brief was that the trial court erred in its ruling regarding the enforceability of the restrictive covenant. The second issue the Association pursued concerned its standing to bring the suit, which it described as a "question that needs resolution by this [c]ourt." The Association recognized
that since no cross-appeal has been filed and since the Association ... prevailed on the issue[,] the question may not be properly before [the district court of appeal]. However, the Association invites the Defendants to raise as an issue in reply that, if the Court erred in determining that the [r]estriction was not enforceable[,] the judgment should be affirmed based on the lack of standing of the Association to bring the action.
(Italics supplied).
The Rowens moved to strike the standing issue from the brief, which this court denied. In their answer brief, the Rowens asserted that this court should decline to address standing, since it had been resolved in favor of the Association and the Rowens did not cross-appeal. Addressing the merits of the standing issue, the Rowens relied primarily on Palm Point Property Owners' Ass'n of Charlotte County, Inc. v. Pisarski, 626 So.2d 195 (Fla.1993), to argue that the Association lacked the requisite standing.
This court's opinion determined that the Association lacked standing, relying on Palm Point. See Holiday Pines Property Owners Ass'n v. Rowen, 679 So.2d 824 (Fla. 4th DCA 1996). We did not address any other issue in the case. Two aspects of the opinion are most curious.
First, the opinion indicates that the case is "REVERSED"; the first sentence of the opinion reads, "We reverse the final judgment in favor of the owners in this action by a homeowners association to enforce restrictive covenants." 679 So.2d at 825. As the Association recognized in its brief, the correct result, if it lacked standing, would have been to reverse the trial court's ruling on standing and affirm the final judgment, albeit on different grounds.
Second, the opinion indicates that it rejects the "association's argument that we should decline to address this issue of standing because of mootness or other procedural grounds." Id. It was the Rowens who made these arguments in their brief, and not the Association. This language in the opinion suggests that the panel did not fully appreciate which party was seeking a ruling on the standing issue.
The Association called these two inaccuracies to our attention in a motion for rehearing or clarification, which this court denied.
The Rowens later filed this case against the Association and its directors for malicious prosecution. The trial judge granted the defendants' motion for summary judgment, ruling that the Rowens could not establish one element of the tort that there had been a bona fide termination of the underlying proceeding in their favor. The trial judge referred to this court's opinion in Holiday Pines and held that "[l]ack of standing does not constitute the requisite bona fide termination."
As we pointed out in Burchell v. Bechert, 356 So.2d 377, 378 (Fla. 4th DCA 1978), the elements of a malicious prosecution action are set forth in Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926):
An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action.
See Alamo Rent-A-Car v. Mancusi, 632 So.2d 1352, 1355 (Fla.1994). The element *16 that there be a bona fide termination of the underlying civil suit is satisfied by either a favorable decision on the merits or a bona fide termination of that lawsuit. See Union Oil of California, Amsco Div. v. Watson, 468 So.2d 349, 353 (Fla. 3d DCA 1985); Weissman v. K-Mart Corp., 396 So.2d 1164, 1167 (Fla. 3d DCA 1981); Gatto v. Publix Supermarket, Inc., 387 So.2d 377, 382 (Fla.App. 3d DCA 1980).
Examples of a "bona fide termination" of a lawsuit sufficient to satisfy that element of the tort are a plaintiff's second voluntary dismissal of a lawsuit under Florida Rule of Civil Procedure 1.420(a)(1), see Burchell, 356 So.2d at 378, and a final summary judgment in a negligence case holding that the defendant did not have a duty to the plaintiff which would render it liable. See C.A. Hansen Corp. v. Wicker, Smith, Blomquist, Tutan, O'Hara, McCoy, Graham & Lane, P.A., 565 So.2d 812 (Fla. 3d DCA 1990). The Restatement (Second) of Torts, § 674, Comment j provides:
Civil proceedings may be terminated in favor of the person against whom they are brought ... by (1) the favorable adjudication of the claim by a competent tribunal, or (2) the withdrawal of the proceedings by the person bringing them, or (3) the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.
Florida follows the rule that a dismissal on procedural grounds, inconsistent with a final termination of the lawsuit, does not constitute a "bona fide termination" sufficient to support a malicious prosecution action. See In re Sav-A-Stop, Inc., 98 B.R. 83, 86 (Bankr.M.D.Fla.1989); Union Oil, 468 So.2d at 353. Thus, a dismissal for lack of subject matter jurisdiction is not such a bona fide termination, because "there must first be jurisdiction in the court in which the proceeding terminates." Gatto, 387 So.2d at 382; Union Oil, 468 So.2d at 353; Arison Shipping Co. v. Hatfield, 352 So.2d 539 (Fla. 3d DCA 1977). Dismissal of a class action suit for lack of standing does not qualify as a "bona fide termination" in the defendant's favor. See Della-Donna v. Nova Univ., Inc., 512 So.2d 1051, 1057 (Fla. 4th DCA 1987). This is because the lawsuit might later be brought by a plaintiff who better qualifies as a class representative. Similarly, a "bona fide termination" "does not encompass a termination resulting from negotiation, settlement, or consent," which is "entirely apart from the merits" of the original suit. Id. at 1055. "`Bona fide' as used in this sense means that the termination was not bargained for or obtained by the accused upon a promise of payment or restitution." Union Oil, 468 So.2d at 356 n. 3 (citation omitted).
Two policies underlie the rule that a favorable or bona fide termination of an earlier lawsuit is a necessary element of malicious prosecution. First, fairness requires that a defendant in a malicious prosecution action "have his day in court in the locus where he began the controversy." Hammond Lead Prods., Inc. v. American Cyanamid Co., 570 F.2d 668, 673 (7th Cir. 1977). A "day in court" means that the defendant has had the chance to litigate the merits as the plaintiff in the original action.[1] Second, judicial economy favors making a plaintiff "await the outcome of the first" case before commencing a malicious prosecution action, "in order to save the time and expenses of litigants and courts." Id.
In this case, the Rowens obtained a favorable decision on the merits, the final *17 judgment in their favor in the original action. At each stage of the proceeding in the trial court, the Rowens argued that the Association lacked standing to enforce the restrictive covenants. The Association opposed this ground for dismissal so that it could obtain a ruling on the merits. This court's later decision, while based on the Association's lack of standing, did not address the trial court's earlier merits determination. As the Association correctly pointed out in its motion for rehearing in the previous appeal, the correct relief in the earlier appeal was for this court to affirm the final judgment. The effect of our decision was to terminate the litigation between the Association and the Rowens; the Association could pursue no further action against the Rowens concerning the same subject matter. The Association had its day in court on the merits in the earlier case.
For these reasons, we hold that there was a bona fide termination of the earlier suit sufficient to satisfy that element of the malicious prosecution cause of action.
REVERSED AND REMANDED.
STEVENSON, J., and BAILEY, JENNIFER D., Associate Judge, concur.
NOTES
[1] We do not decide in this case whether a dismissal because the plaintiff lacks standing could ever be a "bona fide termination" of a lawsuit. It is not necessary in this case to reexamine the broad language of Della-Donna v. Nova University, Inc., 512 So.2d 1051, 1057 (Fla. 4th DCA 1987).