PALMER, J.
Robert Baker appeals the trial court’s final judgment entered in favor of Falcon Power on Baker’s claim for reformation of a lease agreement and on Falcon Power’s counterclaim for breach of contract and claim for contractual attorney’s fees. We affirm.
Baker entered into two lease agreements with Falcon Power relating to bulldozers leased by Falcon Power to Baker. With regard to the first lease, Baker asserted a claim for reformation, alleging that the written lease agreement failed to include a purchase option as the result of a scrivener’s error and mutual mistake. Falcon Power defended against Baker’s reformation claim and also asserted a counterclaim alleging that Baker had breached the parties’ second lease agreement by failing to make payments thereunder. The trial court heard conflicting testimony on whether a purchase option was intended to be part of the first transaction. At the close of all evidence, the trial court determined that Baker had failed to establish, by clear and convincing evidence, that a purchase option was intended to be part of the first lease agreement. The court found in favor of Falcon Power on both Baker’s claim for reformation and on Falcon Power’s counterclaim for damages and claim for attorney’s fees.
Baker first contends that the trial court erred in entering judgment in favor of Falcon Power on his claim for reformation. We disagree. The trial court’s conclusions come to this court clothed with a presumption of correctness. Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla.1962). Moreover, when the decision rests largely on an evaluation of the credi *1106 bility of the witnesses, this court cannot substitute its judgment for that of the trial court. Baker v. Niess, 496 So.2d 215 (Fla. 1st DCA 1986). In light of the conflicting testimony presented with regard to the intent of the parties at the time the first lease agreement was executed, we cannot say that the trial court erred in concluding that Baker failed to prove its claim for reformation by clear and convincing evidence. See Newman v. Metropolitan Dade County, 576 So.2d 1352, 1353.(Fla. 3d DCA 1991).
Baker also contends that the trial court erred in awarding Falcon Power all of its reasonable attorney’s fees incurred in this matter. The determination of attorney’s fees is a ruling which falls within the sound discretion of the trial court and must not be disturbed on appeal absent a showing of a clear abuse of discretion. Elliot v. Pallotti, 654 So.2d 1300 (Fla. 5th DCA 1995). Baker does not challenge Falcon Power’s entitlement to receive an award of attorney’s fees, but only the amount of the trial court’s award, arguing that the trial court erred in awarding Falcon Power the portion of the fees which was incurred in defending against Baker’s reformation claim. Although the trial court determined that Falcon Power was only entitled to recover the fees incurred in prosecuting its counterclaim,[1] the court determined that all of the attorney’s fees incurred by Falcon Power in this lawsuit were indivisible and, as a result, Falcon Power was entitled to recover its entire claim for fees. Falcon Power’s expert witness on attorney’s fees testified that all the time reflected on counsel’s fee affidavit was reasonably expended in the prosecution of Falcon Power’s breach of contract counterclaim. The expert stated that the defense of the Baker’s reformation claim and prosecution of Falcon Power’s counterclaim were so inextricably bound up that, in order to win on the counterclaim, Falcon Power had to defeat all of the claims raised by Baker in its case in chief. The trial court accepted that expert opinion, recognizing that Baker had filed pleadings and affidavits which acknowledged the intertwined nature of the transactions which formed the basis of Baker’s reformation claim and Falcon Power’s beach of contract counterclaim. See Regency Homes of Dade, Inc. v. McMillen, 689 So.2d 1204 (Fla. 3d DCA 1997)(con-cluding that the trial court was not required to apportion attorney’s fee award among various claims and counterclaims where the issues involved in defending the claims were intertwined with other issues in the case and attorney’s fees could not be reasonably apportioned).
Baker also argues that the trial court erred in awarding Falcon Power an expert witness fee because Falcon Power failed to comply with section 57.071(2) of the Florida Statutes (1999), which requires that a written report regarding an expert’s testimony be submitted to opposing counsel “at least 5 days prior to the deposition of an expert or at least 20 days prior to discovery cutoff, whichever is sooner, or as otherwise determined by the court.” We disagree. Compliance with the statute was not required in this case because there was no discovery cutoff date applicable to *1107 this post-trial attorney fee proceeding and Baker did not seek to take the deposition of Falcon Power’s expert.
AFFIRMED.
COBB and PLEUS, JJ., concur.

. The trial court reasoned that Falcon Power had failed to preserve its claims for attorney’s fees in defending against Baker’s reformation claim since a claim for fees had not been properly pled. In light of the ruling herein, the court's ruling on this issue is not material. However, since Baker alleged in his complaint that he would be liable for Falcon Power’s attorney fees in the event Falcon Power was successful on the merits and Falcon Power admitted that allegation of Baker’s complaint, no additional pleading was required; Baker was adequately put on notice of Falcon Power’s potential claim for contractual attorney’s fees.