KELLY, Judge.
The appellants,[1] residents of Mobile Gardens subdivision, appeal from the final judgment that found deed restrictions promulgated by the homeowners association valid and enforceable against them. The judgment also permanently enjoined appellants Rosalba A. Nieto and Faviola Rodriguez from having minors reside on their property because of the deed restriction defining the subdivision as an age-restricted community. Because the trial court erred in finding that Mobile Gardens had standing to enforce the restrictions, we reverse.
Mobile Gardens, a mobile home subdivision in Englewood, Florida, was developed in 1960. The developer of the subdivision recorded standard deed restrictions that regulated the construction of buildings and the maintenance of the property. The 1960 restrictions did not require membership in a homeowners association, nor did they have an age requirement for residency.
In 1963, Mobile Gardens Association of Englewood, Inc. (Mobile Gardens I), was incorporated. Mobile Gardens I homeowners association consisted of property owners who joined voluntarily. In 1972, the developer assigned the administration and enforcement of the deed restrictions to Mobile Gardens I. In 1974, Mobile Gardens I was administratively dissolved.
In 1991, the homeowners association formed a new corporation, also under the name Mobile Gardens Association of En-glewood, Inc. (Mobile Gardens II). This corporation had a new charter, articles of incorporation, and bylaws. Neither the articles nor the bylaws contained restrictions or suggested that Mobile Gardens II was a continuation of Mobile Gardens I. In forming Mobile Gardens II, no effort was made to revive the previously dissolved corporation.
In 2000, Mobile Gardens II recorded a new document purporting to assign to it the developer’s right to administer and enforce the deed restrictions. It then began a series of actions designed to revive and amend the 1960 deed restrictions in order to transform Mobile Gardens into an age-restricted community.- Among other things, it amended the restrictions to man *238 date that each unit be permanently occupied by someone over the age of fifty-five and to prohibit anyone under the age of eighteen from living in the units for more than thirty days per calendar year. The amended restrictions also require all property owners to become members of the homeowners association, and they give the association the power to assess fees, levy liens for delinquent fees, and foreclose on properties with outstanding lien amounts.
In 2010, Mobile Gardens II sued appellants Rosalba Nieto and Faviola Rodriguez, who had purchased property in the subdivision as joint tenants. It sought a permanent injunction requiring them to remove the minors living in their home. Also in 2010, appellants Wallace and Melva Farmer, Harry and Sandra Comer, and Loma Overmeyer, sued Mobile Gardens II for declaratory judgment, contending that Mobile Gardens II did not have the power to enforce the amended restrictions. They asked the trial court to determine the validity of Mobile Gardens II’s revival and amendment of the deed restrictions. The trial court ruled in favor of Mobile Gardens II in both cases, and it entered a permanent injunction compelling Ms. Nie-to and Ms. Rodriguez to remove persons from the property who violated the age restrictions.
The appellants raise several challenges to the trial court’s order, but because we find it dispositive, we discuss only their contention that Mobile Gardens II did not have standing to enforce the restrictive covenants. A homeowners association does not have standing to sue to enforce restrictive covenants unless it is an assignee of the developer’s right to enforce the restrictive covenants, or it is the direct successor of the developer’s interest. Palm Point Prop. Owners’ Ass’n of Charlotte Cnty., Inc. v. Pisarski, 626 So.2d 195, 196 (Fla.1998); Holiday Pines Prop. Owners Ass’n v. Rowen, 679 So.2d 824, 825 (Fla.4th DCA 1996). Mobile Gardens II argues that by virtue of the 2000 assignment it is the assignee of the developer, but this argument does not take into account the fact that the developer had already assigned those rights to Mobile Gardens I in 1972 leaving it with nothing to assign in 2000. Mobile Gardens has not directed our attention to any case suggesting that a subsequent assignment of a right that has already been assigned effectively transfers anything. Mobile Gardens I received the assignment in 1972 and holds it to the present day. Therefore, the trial court erred in finding that Mobile Gardens II had the authority to enforce the 1960 restrictions.
Accordingly, we reverse.
NORTHCUTT and VILLANTI, JJ., Concur.

. Rosalba A. Nieto, Faviola Rodriguez, Wallace O. Farmer, Melva Farmer, Loma L. Ov-ermeyer, Harty W. Comer, and Saundra K. Comer, will be referred to collectively as "the appellants.” Mobile Gardens Association of Englewood, Inc. ("Mobile Gardens II”), incorporated in 1991, is the appellee.