SILBERMAN, Judge.
Jeanne Abou Sharaka (the Tenant) appeals a final summary judgment in favor of E & A, Inc., Elias Anastasopoulos, and Nickolas Ekonomides (collectively referred to as the Landlord) in the Tenant’s action for malicious prosecution. The trial court resolved only one element of the malicious prosecution action: whether the Tenant obtained a bona fide termination in her favor in a previous county court eviction action. We conclude that the circuit court erred in determining that the Tenant had not obtained a bona fide termination in her favor and in entering final summary judgment in favor of the Landlord. Thus, we reverse and remand for further proceedings.

I. The Previous Eviction Action

E & A, Inc., owns the shopping center in which the Tenant rented retail space. Elias Anastasopoulos owns and controls E & A. Nickolas Ekonomides is the attorney for Anastasopoulos and E & A. Ekonom-ides is also the son-in-law of Anastasopou-los. The Tenant had rented retail space in the shopping center since 1992.
In 2003 the Landlord notified the Tenant that she owed common area maintenance (CAM) expenses for 1998 through 2002. The Landlord issued a three-day notice demanding possession of the premises or payment of $19,422, which included the claimed CAM expenses and significant late charges. When the Tenant did not pay or move out, the Landlord filed a county court eviction action against the Tenant.
The Tenant alleged in her affirmative defenses to the eviction action that she timely made each rental payment, including CAM expenses, due to the Landlord throughout the term of the lease. She claimed that the Landlord failed to give her notice of any outstanding CAM expenses for each year from 1998 through 2002. She also asserted that the Landlord did not give her a breakdown of the claimed expenses so that she could determine the methodology and validity of the amounts and whether she actually owed any monies to the Landlord. The Tenant contended that the Landlord waived its right to the claimed expenses based on the Landlord’s delay in presenting statements to the Tenant.
After a bench trial, the county court that heard the eviction action determined that the Landlord had not complied with the requirements of the lease by failing to provide to the Tenant a yearly statement as to the Tenant’s share of CAM expenses. As a result, the court found that the Land *430 lord waived its right to claim that the Tenant had breached the lease for nonpayment of the CAM expenses. The county court also stated that the Landlord’s failure to provide notice of annual adjustments and then making demand years later was prejudicial to the Tenant. The court concluded that because the three-day notice improperly included a demand for CAM expenses for which annual statements had not been provided, the notice was invalid. The invalid notice could not be a predicate for an eviction action, which was the only action brought by the Landlord. For these reasons, the county court entered final judgment in the Tenant’s favor.

II.The Appeal in the Eviction Action

The Landlord appealed the county court’s final judgment to the circuit court, and the circuit court affirmed with a written opinion. The circuit court stated that while the Landlord had sent a letter dated June 25, 2008, for 2002 CAM expenses, nothing in the record showed that the Landlord had ever provided to the Tenant “a statement showing operating costs, adjusted the succeeding period to reflect increased operating costs, or demanded payment for such operating costs, as required” by the lease. The circuit court noted that while the county court had used the term “waiver” in its ruling, that ruling was a finding that the Landlord had breached the lease and was not entitled to evict the Tenant based on the Landlord’s own breach. The circuit court agreed with the county court’s determination that because the three-day demand notice was defective for seeking full payment of CAM expenses “going back five years in contradiction to the terms of the parties’ contract, [the Landlord] was precluded from seeking to evict [the Tenant] based on non-payment for solely year 2002.”

III.The Malicious Prosecution Action

In March 2010 the Tenant filed her malicious prosecution action against the Landlord. The Tenant alleged that in 2003 the Landlord created a “huge” back charge of CAM expenses for 1998 through 2002. Then, in its three-day eviction notice, the Landlord demanded a lump sum of $19,422, which included CAM expenses and thousands of dollars of late charges. The Tenant asserted that since 1992 she had always timely paid the rent and charges each month. She further alleged that the claimed CAM expenses had never been billed to her prior to 2003 and that the Landlord’s failure to provide annual statements constituted a waiver of any right to claim additional amounts. She contended that the previous eviction action was filed without probable cause and was intended to maliciously injure her. And she alleged that the eviction action resulted in a bona fide termination in her favor.
The Landlord filed a motion for summary judgment and contended that the ruling in the eviction action did not constitute a bona fide termination in the Tenant’s favor because it was a technical termination based on waiver rather than on the merits of the case. The Tenant filed a response and opposing affidavits. After a hearing, the trial court granted summary judgment in favor of the Landlord, stating that it made “this ruling reluctantly and primarily based on Jones v. State Farm Mutual Automobile Insurance Co., 578 So.2d 783 (Fla. 1st DCA 1991).” The trial court entered final summary judgment in favor of the Landlord, and the Tenant timely appealed.

IV.This Appeal and the Applicable Law

Our review of a ruling on a motion for summary judgment is de novo. Olson v. Johnson, 961 So.2d 356, 358 (Fla. 2d DCA 2007). The party moving for summary *431 judgment must conclusively show that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Id.
In a malicious prosecution action the plaintiff must establish six elements:
(1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.
Alamo Rent-A-Car, Inc. v. Mancusi 632 So.2d 1352, 1355 (Fla.1994); see also Olson, 961 So.2d at 359. If the plaintiff fails to establish any one element, the malicious prosecution claim fails. Alamo Rent-A-Car, Inc., 632 So.2d at 1355.
In the trial court, the Landlord specified that the basis for its motion for summary judgment was that the Tenant could not establish the third element, that termination of the eviction action constituted a bona fide termination of that proceeding in favor of the Tenant. The Landlord did not assert that any of the other elements would support its motion for summary judgment. In fact, the Landlord acknowledged that for purposes of the motion the Tenant fulfilled the first two elements and that if the case went forward the probable cause element would be addressed by “lots of evidence.” Thus, the only issue before us is whether the Landlord was entitled to summary judgment based on its contention that the final judgment in the eviction action was not a bona fide termination of that case in the Tenant’s favor.
“The element that there be a bona fide termination of the underlying civil suit is satisfied by either a favorable decision on the merits or a bona fide termination of that lawsuit.” Rowen v. Holiday Pines Prop. Owners’ Ass’n, 759 So.2d 13, 15-16 (Fla. 4th DCA 2000); see also Union Oil of Cal., Amsco Div. v. Watson, 468 So.2d 349, 353 (Fla. 3d DCA 1985). In Rowen, the court stated as follows:
A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.
759 So.2d at 16 (quoting Restatement (Second) of Torts, § 674 cmt. j). Thus, contrary to the Landlord’s argument, the Circuit court’s decision on the appeal of the eviction action is relevant to the determination of whether there was a bona fide termination in the Tenant’s favor.
The malicious prosecution cases that the Landlord relies upon to argue that we should not consider the appellate ruling in the eviction action dealt with the element of lack of probable cause to bring the underlying action, not bona fide termination. See Gallucci v. Milavic, 100 So.2d 375 (Fla.1958); Goldstein v. Sabella, 88 So.2d 910 (Fla.1956). Those decisions did not focus on the end result of the underlying cases. In Gallucci, a determination had been made that the underlying case could go forward against a defendant, but later the trial court directed a verdict in the defendant’s favor. 100 So.2d at 377. In Goldstein, the underlying case had been *432 successfully prosecuted against a defendant but reversed on appeal. 88 So.2d at 911. As the Goldstein court noted, the appellate reversal of a conviction or judgment would not affect the existence of probable cause to institute the proceeding. “[0]ne need not be certain of the outcome of a criminal or civil proceeding to have probable cause for instituting such an action.” Id.
In contrast, an appellate resolution of a case is relevant to the question of whether there was a bona fide termination of the proceeding in favor of the defendant. See Rowen, 759 So.2d at 16. A bona fide termination means not only that the underlying action was resolved favorably to the defendant in that action but also that it ended in a manner demonstrating that the underlying suit lacked merit. Cohen v. Corwin, 980 So.2d 1153, 1155 (Fla. 4th DCA 2008) (determining that the issue of bona fide termination based on a voluntary dismissal without prejudice could not be determined on a motion to dismiss); Doss v. Bank of Am., N.A., 857 So.2d 991, 994-997 (Fla. 5th DCA 2003) (reversing summary judgment in malicious prosecution action and concluding, in light of all circumstances, that a stipulated dismissal with prejudice constituted a bona fide termination in favor of the defendant in underlying suit).
Here, in the eviction action the county court entered a final judgment in favor of the Tenant after a trial, and the appellate court affirmed that judgment. Both the trial and appellate court actions are relevant to the question of whether there has been a bona fide termination of the eviction proceeding in the Tenant’s favor.
A review of the county court’s ruling and the appellate court’s opinion affirming the ruling in favor of the Tenant shows that the eviction action lacked merit. Both courts determined that the Landlord predicated the eviction action on a claim that the Tenant had breached the lease when, in fact, the evidence established that the Landlord had breached the lease. The Landlord pursued eviction based on its claim that CAM expenses for multiple years went unpaid by the Tenant even though the Landlord had not complied with its contractual obligation to annually notify the Tenant of any purported CAM expenses to be paid by the Tenant. Both courts concluded that the Landlord’s three-day notice was invalid and that the Landlord was not entitled to evict the Tenant. Thus, the Tenant prevailed and obtained a final judgment and an affirming appellate opinion.
In the present malicious prosecution action, the Landlord argued to the trial court and to this court that Jones v. State Farm Mutual Automobile Insurance Co., 578 So.2d 783 (Fla. 1st DCA 1991), supports its position. The Landlord maintains that the termination of the underlying action based on a successful waiver defense falls under the category of a technical or procedural termination and does not meet the element of bona fide termination for a malicious prosecution claim. See id. at 786. Jones, however, is distinguishable from the present case. In Jones, the First District determined that the plaintiffs in the malicious prosecution action “failed to prove that there was a favorable decision on the merits or a bona fide termination of the previous proceedings in their favor.” Id. at 785. The First District affirmed the grant of a directed verdict in favor of State Farm in the malicious prosecution action because the plaintiffs could not show that they prevailed on the merits of the underlying action, a negligence action. Id. at 786. The negligence action had been terminated by a final summary judgment with a ruling that a general release State Farm had executed with *433 other parties entitled the defendants to prevail in the negligence action. No determination on the issue of negligence was ever made. Id.
The Landlord likens the release in Jones to the waiver defense the Tenant asserted. The First District determined that the release resulted in a termination on technical grounds or for procedural reasons, explaining that the issue of whether one of the defendants negligently operated the automobile was never tried. Id. at 786.
But here, the county court conducted a bench trial on the eviction action. The court found, and the appellate court agreed, that the Landlord had failed to comply with its obligation to provide annual statements to the Tenant in order to collect adjusted CAM expenses in succeeding years. The county court determined, and again the appellate court agreed, that the three-day notice was invalid and the Landlord was not entitled to evict the Tenant. In our view, the circumstances reflect that the merits of the Landlord’s eviction action were finally decided in favor of the Tenant.
Thus, we conclude that the trial court erred in granting summary judgment and entering its final summary judgment in favor of the Landlord as to the malicious prosecution action. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
LaROSE and CRENSHAW, JJ., Concur.